The Town of Wheaton

*v.*

Abigail W. Hadley.

*Filed at Ottawa January 21, 1890.*

</div>

1. Negligence—*repairing sidewalk—use of unsafe materials—notice.* Where the authorities of an incorporated town or city, having notice that a sidewalk is out of repair from the decay of the stringers to which the boards are nailed, attempt to repair the same by the use of the old stringers, which are so rotten as not to be capable of holding nails, and a person, in the use of due care, is injured while passing over such walk, in consequence of the looseness of the boards, the corporation will be liable for the injury.

2. If municipal authorities attempt to repair a defective sidewalk, they should use proper materials, so as to render it safe. If they use unsuitable and unsafe materials in its repair, they will be chargeable with notice of the condition of the walk, and liable to any one injured,

while observing ordinary care for his safety, in consequence of the use of such defective materials.

3. AFFIRMANCE BY APPELLATE COURT—*what facts are settled thereby.* The affirmance by the Appellate Court of a judgment against a town or city, rendered in an action to recover for a personal injury resulting from a defective sidewalk, settles the issues of fact, which will include the question of negligence on the part of the defendant, and of the exercise of ordinary care by the plaintiff.

4. ERROR WILL NOT ALWAYS REVERSE—*refusing proper instructions.* A judgment fully justified by the facts established will not be reversed for the refusal of even a correct instruction, when it is apparent that the same result must necessarily have followed if it had been given.

5. INSTRUCTION—*abstract proposition.* The giving of a mere abstract proposition of law in an instruction is not such error as will reverse, unless it can be seen that it was calculated to mislead the jury, or might have been prejudicial to the party complaining of it.

APPEAL from the Appellate Court for the Second District ;— heard in that court on appeal from the Circuit Court of Du Page county ; the Hon. C. W. UPTON, Judge, presiding.

Mr. ELBERT H. GARY, for the appellant:

The plaintiff's sixth instruction assumes as a fact that the town authorities had notice of the defective condition of the sidewalk, and time to repair the same. Upon the question of assuming facts, see *Railroad Co.* v. *Robinson*, 106 Ill. 142 ; *Grim* v. *Murphy*, 110 id. 271 ; *Railway Co.* v. *Moranda*, 108 id. 576.

The fourth instruction assumes or intimates that the sidewalk was out of repair, and remained so for such length of time that it amounted to notice. It illustrates the impropriety of giving abstract propositions of law. *Cutler* v. *Callison*, 72 Ill. 113 ; *Frame* v. *Badger*, 79 id. 441.

The third instruction given for plaintiff is inaccurate, in permitting the plaintiff to recover for all loss she may have sustained. This might include various elements not alleged in the declaration, nor recoverable in any event. *James* v. *Johnson*, 12 Bradw. 286 ; *McGinnis* v. *Berven*, 16 id. 354 ;

41—131 ILL.

*U. S. Y. & T. Co.* v. *Monaghan,* 13 id. 148, and cases cited; *Peoria* v. *Simpson,* 110 Ill. 294.

The refused instructions offered by defendant were correct, and should have been given. *City* v. *McGiven,* 78 Ill. 347; *City* v. *Meaghan,* 22 Bradw. 255; *Chicago* v. *Bixby,* 84 Ill. 82.

Mr. A. H. BARRY, and Mr. J. F. SNYDER, for the appellee:

It was the duty of the town authorities to keep the sidewalk in question in a safe condition for travel, so far as that could be done in the exercise of reasonable care and prudence in that respect. Cooley on Torts, 625; *People* v. *Mayor,* 63 Ill. 207; *Prideaux* v. *Mineral Point,* 43 Wis. 513; *Mayor* v. *Cooley,* 55 Ga. 17; Dillon on Mun. Corp. sec. 996, *et seq.; Chicago* v. *Dalle,* 115 Ill. 386.

That the town had constructive notice of the dangerous condition of the walk, see *Dewey* v. *Detroit,* 15 Mich. 307; Shearman & Redfield on Negligence, 148; *Mayer* v. *Sheffield,* 4 Wall. 189; *Springfield* v. *Doyle,* 76 Ill. 202; *Hume* v. *New York,* 74 N. Y. 264; *Abbrittian* v. *Huntsville,* 60 Ala. 486; *Chicago* v. *Dalle,* 115 Ill. 386; *Aurora* v. *Hillman,* 90 id. 61.

The giving or refusing of instructions containing mere abstract propositions of law, is not error. *Corbin* v. *Shearer,* 3 Gilm. 482; *Ryan* v. *Donnelly,* 71 Ill. 100; *Bandalow* v. *People,* 90 id. 218; *Green* v. *Mann,* 11 id. 613.

There is no error in the instructions, but had there been, this court, following a large number of authorities, would decline to reverse the judgment of the court below, so long as the merits of the case are so clearly in favor of appellee. *Insurance Co.* v. *La Pointe,* 17 Bradw. 248; *Forney* v. *Thompson,* 14 id. 393; *Schwarz* v. *Schwarz,* 26 Ill. 81; *Cusick* v. *Campbell, Jones,* 68 id. 508; *Beseler* v. *Stephani,* 71 id. 400; *Hewitt* v. 72 id. 218; *Burling* v. *Railroad Co.* 85 id. 18.

If all of the law on the questions involved in the case was not given to the jury in the plaintiff's instructions, it was correctly and sufficiently set out in those of the defendant, and, if taking

all the instructions together, the law was correctly embodied therein, that is sufficient, and the judgment will not be reversed.  *Gilchrist* v. *Gilchrist,* 76 Ill. 281.

Per CURIAM: This was an action on the case, brought by Abigail W. Hadley, against the town of Wheaton, to recover damages for personal injuries sustained by her by reason of having fallen upon a defective sidewalk on Cross street, between Seminary and Wesley streets, in said town. The defendant filed the general issue, and a trial was had by jury, resulting in a verdict in favor of the plaintiff for $1000, for which amount judgment was rendered. The town took the cause to the Appellate Court, where the judgment of the circuit court was affirmed, and from which judgment the town prosecutes this appeal.

The town of Wheaton was incorporated February 3, 1865, by special charter, by which it was given control over the streets and sidewalks within its corporate limits. The evidence shows that the walk in question was built some fourteen years ago, of good and substantial material, but that at the time of the accident the stringers to which the boards were nailed had rotted to a considerable extent, and that some repairs had been made. It appears that about three weeks before the accident the street commissioner of the town examined the walk and repaired the same, leaving it, as he supposed, in a safe condition. There was knowledge on the part of some of the members of the town council that this walk had been more or less out of repair for some time before the injury, but there is no evidence that the town council, or other officers of the corporation, knew that it was out of repair after the street commissioner had repaired it as before mentioned. On the 26th day of April, 1886, the plaintiff, a lady of the age of seventy-four years, was passing over the walk, accompanied by another lady, who stepped on one end of two of the planks of the sidewalk, whereby the other ends of the boards were

raised from the stringers, in front of the plaintiff, and she, being a little behind her companion, was thrown forward on her hands and face, dislocating her left arm at the wrist joint, and receiving by the fall a severe shock to her nervous system. It is not contended that the plaintiff was at fault, or could have avoided falling after catching her foot under the raised ends of the boards of the sidewalk, as she did.

The Appellate Court, by its affirmance of the judgment of the trial court, has settled the issues of fact in favor of plaintiff, which necessarily includes the question of negligence on the part of the defendant, and of the exercise of ordinary care on the part of the plaintiff, and we are precluded from investigating mere questions of fact. Objection, however, is made to the ruling of the trial court in giving and refusing instructions. We have carefully examined those given and refused, and are of opinion that no reversible error was committed. There may be, and we think are, some slight inaccuracies in the wording of some of these instructions when standing alone; but when taken as a whole, including those given for the defendant, the jury could not have been misled.

Plaintiff's last instruction is objected to, as being a mere abstract proposition of law. It is enough to say, that the giving of such an instruction is not error which will reverse, unless it can be seen that it is calculated to mislead the jury, or might have been prejudicial to the party complaining of it. The one here complained of is to the effect, that while a person walking upon a public highway, etc., is bound to use all reasonable care and caution to avoid injury, "yet she is not held to the highest possible degree of precaution and prudence." We have carefully considered the evidence as it went to the jury, and it is impossible to see how this instruction could have misled them to the prejudice of appellant.

The court instructed very fully and favorably for the defendant; and so far as the instructions asked and refused were not faulty, the principles contained in them were given

in other instructions on behalf of appellant. A judgment fully justified by the facts established, will not be reversed for the refusal of even a correct instruction, where it is apparent that the same result must necessarily have followed if it had been given.

The point was made in some of the defendant's instructions, that if the walk had been thoroughly repaired a few weeks before the injury, the town authorities should have had notice, either actual or constructive, of its being out of repair and in unsafe condition, in time to have remedied the same, before the town would be liable. The evidence very clearly showed that the walk was fourteen or fifteen years old, and that the stringers upon which the boards were laid were so decayed and rotten that they would not hold the nails by which the boards were sought to be fastened. There is no question but that those in charge of the walks had full knowledge of that fact, and attempted to repair the same about three weeks before the injury to appellee. It appears that some new boards were substituted for others decayed, but no new stringers were put in. The proof tended to show that the walk was not in fact repaired so as to render the same safe and in good repair and condition. If this was so, the municipal authorities were chargeable with notice of it. If the authorities attempted to repair the walk, and, as the evidence tended to show, the stringers were so decayed as to be incapable of holding the nails with which the boards constituting the walk were intended to be fastened, the authorities must have known it. If the town had laid a new walk out of defective material, from which an injury resulted, the town would have been chargeable with notice of the defect. So in this case, if the authorities, having both actual and constructive notice of the defective condition of the walk before the repairs were made, so made the repairs that the walk was left in unsafe condition and repair, because of the defective material therein, they would be liable for injury resulting from such defect. In this view the court

below was justified in refusing the instructions mentioned, as being calculated to mislead the jury.

The amount of damages a party sustains is purely a question of fact, and the finding of the trial and Appellate courts in respect thereof is conclusive.

Finding no substantial error in the record, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*