**Galbraith v. Chicago Architectural Iron Works.**

50    247
110    ⁵526

1. ASSUMPSIT—*Common Counts.*—Where, in an action of assumpsit upon a contract, there remains nothing for the plaintiff to do, a declaration under the common counts is sufficient.

2. BUILDING CONTRACT—*Architect's Certificate.*—A building contract

provided, as a precedent for payment, the architect should certify that the work had been done to his satisfaction. Upon the completion of the work the architect made his certificate, but omitted all reference to "his own satisfaction." *It was held,* that the certificate that the entire work was completed, implied that it was done as the contract required and to the satisfaction of the architect.

3. RECOUPMENT—*Under the General Issue.*—Damages resulting from the delay in completing a contract may be recouped under the plea of the general issue.

4. BUILDING CONTRACT—*Delay in Performance—Recoupment of Damages.*—It is a question for the jury to determine whether readiness for occupancy of any portion of the building has been delayed by reason of non-performance of the contract, and if it has been, the fair rent of that portion during the period while the readiness for occupancy has been so delayed may be recouped in any action brought to recover the contract price.

5. *Building Contract—Delay of Performance—Measure of Damages.*—In an action to recover for the erection of a building under a contract where the defendant claimed that there had been a delay in the performance of the contract by which he had been deprived of the use of the building, no inquiry as to what use he might have had for the building is admissible, or whether he could or could not have rented it. The rental value is to be considered in estimating the damages.

**Memorandum.**—Action of assumpsit upon a building contract. Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Declaration on the common counts; plea, general issue; trial by the court; judgment for plaintiff; appeal by the defendant. Heard in this court at the March term, 1893. Reversed and remanded. Opinion filed May 17, 1893.

## STATEMENT OF THE CASE.

On January 22, 1892, appellant, the owner of a large building in the city of Chicago, entered into a contract with appellee to do all the work included in the constructing of iron entrances to his building, in consideration of $1,750.

It was provided in the contract that he should proceed with the work in a diligent manner, and wholly finish the same according to drawings and specifications and the contract, on or before March 15, 1892.

It was further provided in the contract that "The contractor will allow as payment on account all damages that

may result from failure to complete work in accordance with the terms of this contract."

' It was further provided that " The final payment shall be made within thirty days after this contract is completely finished; provided, that in each of the said cases, the architect shall certify in writing that all the work upon the performance of which the payment is to become due, has been done to his satisfaction."

The work was not finished until May 21, 1892. Appellant claimed that he had been damaged by reason of the delay, which he claimed was due wholly to the fault of appellee, and refused to pay. The damages claimed by appellant arose from the fact that he had a large number of applicants to rent the different floors of the building prior to May 1, 1892, but that the parties applying would not make leases owing to the fact that the entrances to the building were in such a condition that ingress and egress through them was impossible on account of the scaffolding, etc., which appellee had in these entrances for his use in the performance of the work.

Appellant's Brief, Goorich & Vincent and F. W. Brawley, Attorneys.

Appellants contended that where money is stipulated in a contract to be due upon the performance of certain conditions, an action in general *indebitatus assumpsit* will not lie to recover money due under the contract, such conditions being conditions precedent. The contract must be declared on its special assumpsit and an averment made of compliance with the conditions precedent. And it is an error for the court to admit in evidence upon an action in general *indebitatus assumpsit* a contract which is still executory. Throop v. Sherwood, 4 Gil. 92; Lane v. Adams, 19 Ill. 167; Tunnison v. Field, 21 Ill. 109; Eggleston v. Buck, 24 Ill. 264; Thomas v. Caldwell, 50 Ill. 139; The First National Bank of Madison v. Hart, 55 Ill. 62; The Catholic Bishop of Chicago v. Bauer, 62 Ill. 188; People v. Glann, 70 Ill. 232; Fowler v. Deakman, 84 Ill. 130; Independent

Order, etc., v. Paine, 17 Brad. 572; Felton v. Dickinson, 10 Mass. 289; Michaelis v. Wolf, 136 Ill. 71; Champlin v. Butler, 18 Johns. 169; 2 Greenleaf on Evid., Sec. 103; Smith v. Briggs, 3 Denio 73.

Where, by the terms of the building contract, it is provided that payment as the work proceeds, and final payment upon the completion of the work, shall be made upon the production by the contractor of a certificate in writing from the architect that a portion or all of the work upon the performance of which the payment is to become due, has been done to his satisfaction, then where it is sought to recover the contract price of the whole work, or of any portion of the same, the securing and production of such certificate is a condition precedent, without which the contractor has no right of action, and is not entitled to any recovery. Michaelis v. Wolf, 136 Ill. 69; Barney v. Giles, 120 Ill. 156; Packard v. Van Schoick, 58 Ill. 79; Coey v. Lehman, 79 Ill. 173; Walsh v. Walsh, 11 Brad. 199; Smith v. Briggs, 3 Denio 73.

Where a building contractor enters into a contract to perform work upon a building and have the same completely finished by a time specified, the contract providing that final payment shall be made within a certain time after the work is completely finished, time is of the essence of the contract, and in an action brought to recover the whole consideration money, an averment and proof of performance of the whole work by the time specified must be made, and is a condition precedent to the right of recovery. Cunningham v. Morrell, 10 Johns. 203; McLure v. Rush, 9 Dana (Ky.) 64; Allen v. Sanders, 7 B. Mon. (Ky.) 593; Morrison et al. v. Wells (Kan.) 29 Pac. Rep. 601; Warren v. Bean, 6 Wis. 120; Allen v. Inhab. of Cooper, 22 Me. 135; Jones v. U. S., 96 U. S. 24; Cromwell v. Wilkinson, 18 Ind. 365; Potter v. Tuttle, 22 Conn. 512.

In a building contract, where it is provided that the work shall be completed by a day certain, and the building contractor fails to complete the work at the date mentioned, the owner of the building, upon an action brought by the contractor to recover the contract price, is entitled to set off and recoup all damages resulting to him from such failure

to complete, which can be made reasonably certain, and which can be held to have been in the contemplation of the parties at the time they entered into the contract as flowing from such a breach of it.    Sutherland on Damages, pp. 79, 113; Hadley v. Baxendale, 9 Exchq. 341; Masterton v. Mayor of Brooklyn, 7 Hill, 61; Hammer v. Shoenfelder, 47 Wis. 459; Griffin v. Colver, 16 N. Y. 493; Abbott v. Gatch, 13 Md. 333; Middlekauff v. Smith, 1 Md. 329; Hexter v. Knox, 63 N. Y. 561; Myers v. Burns, 35 N. Y. 269; Korf v. Lull, 70 Ill. 420; Green v. Mann, 11 Ill. 616; Graveson v. Tobey, 75 Ill. 543; Benton v. Fay & Co., 64 Ill. 417; McConey v. Wallace, 4 West. Rep. 844.

APPELLEE'S BRIEF, M. SALOMON, ATTORNEY.

Appellee contended that the plaintiff could recover under the common counts, citing Combs v. Steele, 80 Ill. 101; Fowler v. Deakman, 84 Ill. 130; Michael Bay Lumber Co. v. Jenks, 20 Brad. 369; Zjednoczenie, etc., v. Sadecki, 41 Ill. App. 329.

That damages occasioned by the delay in the completion of the building could not be recovered under the pleadings.

General damages are such as the law implies, and presumes to have accrued from the wrong complained of. Special damages are such as really took place, and are not implied by law.    1 Ch. Pl. 395.

In this case the law can not necessarily imply that the plaintiff sustained damage by the act complained of, and therefore it is necessary and essential that the declaration should show with particularity the resulting damage.

It is a rule of pleading, wherever the damages sustained have not necessarily accrued from the act complained of, and consequently are not implied by law, that, in order to prevent surprise on the defendant, the plaintiff must state the particular damage he has sustained, or he will not be permitted to give evidence of it.    1 Ch. Pl. 396; Furlong v. Polleys, 30 Me. 491.

In all such cases of contract, the measure of damages is the actual loss sustained by plaintiff, on account of the failure by the defendant to comply with his contract.    The loss

of probable profits constitutes no part of the damages. Taylor v. Macguire, 13 Mo. 517.

Sedgwick, in his treatise on the measure of damages says: " In all cases growing out of the non-performance of contracts, and in those of the infringement of rights, or the non-performance of duties created or imposed by law, in which there is no element of fraud, willful negligence or malice, the compensation recovered in damages consists solely of the direct pecuniary loss." Sedgwick on Damages, 36; Watson v. The Ambugate, N. & B. R. Co., 3 Eng. L. & E. R. 497.

OPINION OF THE COURT, GARY, P. J.

This is an action for work done under a contract for constructing the iron arch entrances, etc., of a building. The contract required the work to be done by March 15, 1892, and payment to be made within thirty days after the work was done, provided that the architect should certify that it had been done to his satisfaction.

The work was not finished by March 15, and June 22, 1892, the architect did certify that the entire work was finally completed May 21, 1892, but omitted any reference to his own satisfaction.

The appellant claimed damages for the delay, alleging that parts of the building could not be occupied because the entrances were obstructed. We shall not pass upon the question of damages further than to say that there is a good deal of evidence in support of the claim of the appellant.

The declaration was the common counts, in assumpsit, among which was the count for work and materials; pleas, general issue, and set-off of the damages, but the latter is too vague and general to be regarded.

The appellant's objection that the declaration should be special, is not good. The suit was not commenced until after the architect's certificate was procured. Nothing further remained for the appellee to do. In such a case, the common count suffices. Fowler v. Deakman, 84 Ill. 130; Zjednoczenie v. Sadecki, 41 Ill. App. 329.

The architect's certificate that the entire work was completed, implies that it was done as the contract required,

and to the satisfaction of the architect. No objection appears to have been made to the form of the certificate until the case arrived here; payment was refused because, and only because, of the delay.

The completion of the work on time was not a condition precedent to the action, but damages resulting from the delay may be recouped. Spencer v. Dougherty, 23 Ill. App. 399, and cases there cited. And the recoupment needs no special plea; it is had under the general issue. Wadhams v. Swan, 109 Ill. 46.

What would be the natural consequences of obstructing the entrances to the building after March 15th, must have been obvious to the appellee, and no special notice to it of what they would be, was necessary. For them it is responsible, so far as the appellant was thereby injured.

It is for the jury to say from the evidence whether readiness for occupancy of any portion of the building was delayed by such obstructions; if it was, a fair rent of that portion during the period while readiness for occupancy was so delayed, may be recouped.

No inquiry as to what use the appellant had for the premises, is admissible, or whether he could or could not have rented them. Green v. Mann, 11 Ill. 613; Korf v. Lull, 70 Ill. 420; Benton v. Fay, 64 Ill. 417.

The rental value only is to be considered in estimating the damages.

The case was tried without a jury, and it is not quite clear from the record why the court found for the appellee for the full contract price with interest.

Propositions of law contemplating allowance of damages for delay, were rejected, and one holding that the appellee was entitled to recover the whole contract price, if it had performed the work, sustained.

We may suspect that it was considered that recoupment should have been specially pleaded, but at all events it is clear that the appellant was entitled to some damages, and got none.

The judgment is therefore reversed and the cause remanded.