### George W. Little, Albert E. Little and Jane Little v. Annette D. Munson.

1. INSTRUCTIONS—*Abstract Propositions of Law.*—The practice of instructing a jury as to propositions of law in the abstract is not approved, but it is not error.

2. SAME—*Frequent Repetition.*—It is improper for a court to place, by frequent repetition, too prominently before a jury, any principle of law involved in the case, but it is not necessarily reversible error.

3. TRESPASS—*Damages—Absence of Evil Intent.*—In actions of trespass, if the injuries are inflicted without wrong or evil intent, or without a want of reasonable care or prudence, such absence of evil intent and presence of care and prudence, will prevent the recovery of punitory, but not of actual damages.

Memorandum.—Trespass for false imprisonment. Error to the Superior Court of Cook County; the Hon. GEORGE H. KETTELLE, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed March 13, 1894.

SMITH, HELMER & MOULTON and JULIUS STERN, attorneys for plaintiffs in error.

MUNN & WHEELER, attorneys for defendant in error.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The defendant in error has recovered large damages against the plaintiffs in error in an action of trespass, for assault and false imprisonment.

Nobody can be benefited by spreading the details of this unhappy controversy upon the pages of the reports of this court.

The testimony, to which the jury listened, is full of perjury on the one side or the other, and whether they rightly decided on which side, is a question that we have no right, whatever our power, to review. Halloran v. Halloran, 137 Ill. 100, only reiterates a rule always in force in this State, ever since the act of July 21, 1837, first made the overruling of a motion for a new trial the subject of an exception.

The plaintiffs in error assign as error the admission of improper evidence, and in their brief mention five particulars, one of which was not excepted to, and as to the others there was no error; but we can not go into an explanation without narrating circumstances which we think it better to leave untold.

The instructions are complained of, not as being incorrect in point of law, or inapplicable to the case, but because instead of the usual form, if the jury believe from the evidence so and so, then so and so, they are propositions of law in the abstract.

This form of instructing a jury is not approved, but it is not error. Corbin v. Shearer, 3 Gil. 482; Green v. Mann, 11 Ill. 613; Parker v. Fergus, 52 Ill. 419; Ryan v. Donnelly, 71 Ill. 100; Town of Wheaton v. Hadley, 131 Ill. 640.

In the ninth instruction the jury were told that, etc., " in a wanton, willful and insulting manner, and that the plaintiff has suffered any actual damage therefrom, then the jury are authorized to find exemplary damages;" and it is said the instruction has no foundation in the evidence, a view in which we do not concur.

And in substance the same is said in the tenth.

This répetition is urged as error, and Irvine v. State, 20 Texas App. 12, is cited, which is based upon Traylor v. Townsend, 61 Texas, 144, where it is said that " it is undoubtedly improper for a court to place, by frequent repetition, too prominently before a jury any principle of law involved in the case." In 20 Tex. App., without copying the charge of

the judge below, the court said that "in more than one respect it is obnoxious to the criticisms made by appellant's counsel, and the objections urged to it." Counsel said that "the charge of the court is cumulative, and does repeat time and again, in such a manner as to impress upon the minds of the jurymen the idea that in the opinion of the trial judge the appellant was guilty;" with more criticism of the same character. If the charge was thus obnoxious, the conclusion that it was error would seem to be just. Here the court, by instructions asked by the plaintiffs in error covering two printed pages of the abstract, manifested entire impartiality upon the facts; among other things telling the jury that "if the defendants inflicted the injury complained of without any wrong or evil intent, or want of reasonable care or prudence, they should find the defendants not guilty;" which was much more favorable than the law will justify.

Such absence of evil intent, and presence of care and prudence, only prevent punitory, not actual, damages. Hawk v. Ridgway, 33 Ill. 473; Johnson v. Jones, 44 Ill. 142.

The amount of damages is charged to be excessive. We can not say whether it is or not. We do not know which side tells the truth. If her story is true, she ought to recover large damages; if false, very small, if any.

"The credibility of witnesses is for the jury," Clevenger v. Curry, 81 Ill. 442, and the judgment must be affirmed.

Mr. Justice Waterman, dissenting.

From the testimony of the plaintiff's brother, a man thirty-seven years of age, who was present and consulted when his sister was sent to the detention hospital, the testimony of J. S. Frasher, Geo. W. Little, Sr., M. J. Hea, R. J. Parker and Doctor Lewis, I believe that the statements of the defendants on this matter are substantially true.

That Mrs. Little felt bitterly toward the plaintiff, was alarmed, excited and angry, and when the plaintiff was at the detention hospital talked to her in a wicked and most unladylike manner, and that the conduct of George Little in making known the feelings of the plaintiff toward him,

was not that of a gentleman, while his action in thereafter
going to the house where she lived was silly and unwar-
ranted, I have no doubt; but these things do not justify, nor
is there, in my opinion, established anything that justifies,
the verdict and judgment rendered in this case.