MISSOURI, O. & G. RY. CO. v. HAZLETT & PRICE.

No. 2103.   Opinion Filed November 16, 1912.

(128 Pac. 105.)

1. **CARRIERS—Freight—Delay in Delivery.** In an action against a common carrier for negligent delay in the carriage and delivery of machinery intended for use, the proper measure of damages, in the absence of special notice, is the usable or rentable value of the machinery during the period of delay, together with such reasonable expenses as may be incurred by plaintiff in searching for, recovering, or in endeavoring to secure delivery.

2. **SAME—Damages.** On the trial of an action for damages alleged to have been caused by negligent delay in the delivery of certain well machinery, plaintiff, without notice that employees' wages would be lost in the event of delay in delivery, was permitted to recover for the same. Held, error.

(Syllabus by the Court.)

*Error from District Court, Coal County;*
*A. T. West, Judge.*

Action by Hazlett & Price against the Missouri, Oklahoma & Gulf Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed on conditions.

*E. R. Jones* and *M. L. Perkins,* for plaintiff in error.

*D. H. Linebaugh,* for defendant in error.

DUNN, J.   This case presents error from the district court of Coal county. The action was brought and judgment rendered for and on account of the negligent delay of fifteen days on the part of the railway company, plaintiff in error, of an outfit of well-drilling machinery.

But one question of substantial merit is presented, which arises on the admission of evidence allowing recovery by plaintiffs, defendants in error here, of certain wages due two employees of plaintiffs at $5 per day each during the said delay. Recovery was allowed for the usable or rentable value of the machinery, also for certain portions of it which were lost, and for expenses incurred by plaintiffs in pursuing and recovering it. As the petition did not aver notice to the railway company that the plaintiffs had then engaged the said employees, whose wages would be lost if the delivery was delayed, and as the evidence shows no such notice to have been given at the time at which the contract was entered into, the allowance of the same by the court was error.

Section 2888, Comp. Laws 1909, lays down the rule, providing that "for the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." This is the rule applicable in this case; and where special damages are claimed, such as those here involved, in order to render the party charged liable therefor, the claim must be based upon a notice given at the time the contract is made.

The case of *Hadley v. Baxendale,* 9 Exch. 341, is relied upon by counsel for defendant. The case of *Illinois Cent. R. Co. v. Johnson & Fleming,* 116 Tenn. 624, 94 S. W. 600, was one wherein damages were sought for the negligent delay in transporting and delivery of certain iron pipes and other implements for use in boring a well. The Supreme Court of that state, discussing the proper rule in such cases, says:

"The rule which the plaintiffs below invoke, and upon which they rely in this court, is that announced in *Hadley v. Baxendale,* 9 Ex. 341. This rule has been so frequently quoted and applied in the opinions of this court that it is unnecessary to set it out literally here. It is sufficient to say that under this rule a party who sues for a breach of contract is entitled to recover damages which result from that breach according to the usual

course of things, or such as may be reasonably supposed to have been in the contemplation of both parties, at the time the contract was made, as the probable breach of it. Under the latter branch of the rule, it has been universally held that in order to recover special damages, such as are claimed by the defendants in error in this case, the party against whom recovery is sought must have had such notice as would give him to understand that a breach of the contract would probably result to the other party in these special damages. In *Machine Co. v. Compress Co.,* 105 Tenn. 187, 58 S. W. 270, where this rule was enforced, it was insisted by the plaintiff in error, against whom it was applied, that, granting the authority of the rule, yet that was not a proper case for its application, because the plaintiff in error was not sufficiently put on notice of the extraordinary damages it might incur from a breach of the contract. To this the court made reply: 'No case holds, in order to put this rule in operation, that the party invoking it must have said to the other party at the moment of making the contract he would claim these damages for a breach; but it may be conceded the knowledge must be brought home to the party sought to be charged, under such circumstances, that he must know that the person he contracts with naturally believes that he accepts the contract with a special condition attached; * * * or, as is said by Mr. Sedgwick, "notice must be more than knowledge on the defendant's part of the special circumstances. It must be of such a nature that the contract was, to some extent, based upon the special circumstances." ' "

In the case of *Texas & Pacific Ry. Co. v. Hassell,* 23 Tex. Civ. App. 681, 58 S. W. 54, Chief Justice Rainey, discussing the measure of damages for delay in shipment of a feather-renovating machine, speaking to the same point, said:

"Mr. Hutchinson, in his work on Carriers (section 776), lays down the rule thus: 'Where the goods are not intended for sale in the market of destination, but are intended to serve some specific purpose of the owner, the rule that the carrier will be liable for depreciation in the market value during his negligent delay will, of course, not be applicable; and in the absence of special circumstances which may make the carrier liable for some special loss, or for the expense to which the owner may be put by his negligent delay, he could be held liable only for the inconvenience to which the owner had been put by being deprived of the use of his property during the time of the delay, which must be determined as a question of fact by the jury by ascertaining from the evidence the value of its use, the criterion

of which would be, in most cases, its rental value during the delay; or, in case of an absolute refusal to transport according to contract, for such time as would be requisite to obtain the article by another conveyance, or from some other source.' This rule is supported by the great weight of authority. It conforms to the well-recognized rule announced in the leading case of *Hadley v. Baxendale,* 9 Exch. 353, which is: 'Where two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered arising naturally, *i. e.,* according to the usual course of things, from such breach of contract itself, or such as may be reasonably supposed to have been in the contemplation of both parties, at the time they made the contract, as the probable result of the breach of it.' *Express Co. v. Darnell,* 62 Tex. 639. The natural and proximate result flowing from the delay in transporting the machine was the loss of its use during that time, and such loss must be considered as having been contemplated by the initial carrier at the time the contract of carriage was entered into, and by all connecting carriers over whose roads the shipment was transported. Of course, special damages will not be considered as being in the contemplation of the parties, unless the conditions out of which such damages might oridinarily arise are made known to the carrier at the time the contract is made."

In the case of *Priestly v. Northern Ind. & Chicago R. Co.,* 26 Ill. 205, 79 Am. Dec. 369, which was an action against a common carrier for the negligent delay in delivering certain planing mill machinery, in the discussion of the case, the court said:

"The true rule is laid down in *Green v. Mann,* 11 Ill. 613, which was an action for a failure to put certain additional machinery into a mill, which the plaintiff had rented of the defendant's intestate. This court says: 'The true measure of damages in this case was the value of the use of that portion of the machinery which Stadden had contracted to furnish, and which, by reason of his failure to do, Mann was unable to enjoy.' In this case the inquiry should have been: What was the value of the use of such machinery in such a factory for the time it was detained? In other words: What was a reasonable rent for it? For what sum could plaintiffs have hired equal machinery of that description? As this is an action on the case for a wrong done, had the plaintiffs notified the defendants for what purpose they desired the machinery, and the circumstances of their necessities, they might have brought forward other topics and elements

of damage, such as they attempted to show on the trial—that a large number of hands were, of necessity, under pay and idle; loss of promised custom, out of which profits would have been made. In the absence of notice, proof of this kind was properly rejected."

The foregoing cases announce the uniform rule which seems to obtain throughout every jurisdiction. Other authorities are collated in the notes to section 776, Hutchinson on Carriers, vol. 3, section 136, Hale on Bailments and Carriers, and 6 Cyc. 449, note 17.

We have taken note and considered the other exceptions to the conduct of the trial, but, in our judgment, they are without merit. The damages allowed, with the exception of the wages for the employees, in our judgment, were proper. The judgment rendered was for $525. Just how thus sum was reached by the jury, the record does not disclose, and we are not able to ascertain it. The proof in reference to the wages of the employees showed that the same amounted to $150, which was undisputed, and probably was allowed by the jury, as the court instructed them that it was a proper element of damage. Under these circumstances the case is remanded to the trial court, with instructions to grant plaintiffs 30 days within which to remit $150, and the judgment, with costs in this court divided, will otherwise stand affirmed. In the event this is not done, and no remission is made, the judgment of the trial court will be set aside and plaintiff in error granted a new trial.

TURNER, C. J., and HAYES and KANE, JJ., concur; WILLIAMS, J., not participating.