## CHICAGO, R. I. & P. RY. CO. v. REID.

No. 2623. Opinion Filed May 27, 1913.

(132 Pac. 812.)

**CARRIERS—Delay in Freight—Damages.** In an action against a common carrier for negligent delay in the carriage and delivery of machinery intended for use, the proper measure of damages in the absence of special notice is the usable or rentable value of the machinery during the period of delay, together with such reasonable expenses as may be incurred by plaintiff in searching for, recovering, or in endeavoring to secure delivery.

(Syllabus by the Court.)

*Error from County Court, Pottawatomie County;*
*E. D. Reasor, Judge.*

Action by William Reid against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Reversed, with instructions.

*C. O. Blake, H. B. Low, R. J. Roberts, W. H. Moore,* and *J. H. Woods,* for plaintiff in error.
*A. H. Thomas* and *S. A. Sheldon,* for defendant in error.

DUNN, J. This case presents error from the county court of Pottawatomie county. The defendant in error, as plain-

tiff, brought action against the plaintiff in error for damages growing out of the negligent carriage and delivery of certain well machinery by the defendant. Judgment was asked for $385, because of damages done in breaking certain portions of the machinery; also the sum of $80, because of a delay of fourteen days to plaintiff's business of drilling wells, and which had been paying the net average daily sum of $6.66, and for $4.50 for overcharge which defendant, it is alleged, refused to refund. Judgment was rendered on a verdict of a jury for $250, and the case has been lodged in this court for review.

There is but one question presented by defendant on which reversal is demanded, which grows out of the allowance by the court of damages for loss of profits. There is no contention that special notice of such damages was given the defendant, and the proper rule in such case is stated by this court in the case of *M. O. & G. Ry. Co. v. Hazlett & Price,* 35 Okla. 12, 128 Pac. 105, to be that:

"In an action against a common carrier for negligent delay in the carriage and delivery of machinery intended for use, the proper measure of damages, in the absence of special notice, is the usable or rentable value of the machinery during the period of delay, together with such reasonable expenses as may be incurred by plaintiff in searching for, recovering, or in endeavoring to secure delivery."

The pleading of the plaintiff does not aver damages by reason of the loss of the usable or rentable value of the machinery during the delay, nor does plaintiff or his witness testify thereto, nor is there any other evidence in the record showing the same. Under these circumstances, the contention of the defendant that the court erred in allowing recovery for such damage must be sustained. Of course, recovery may be had for the breakage and damage done to the machinery and for excess demand for carriage, if any was charged. A new trial must be granted, but it is to be hoped that with this determination of the legal rights between the parties

they may be able to settle and adjust their differences without the expense of another trial.

The cause is remanded to the trial court, with instructions to set aside the judgment heretofore entered, and grant plaintiff in error a new trial.

All the Justices concur.