**ATCHISON, T. & S. F. R. CO. et al. v. SUN DRILLING CO.**

No. 8137—Opinion Filed Jan. 23, 1917.

Rehearing Denied July 6, 1917.

(165 Pac. 1133.)

**1. Carriers—Negligent Delay—Measure of Damages.**

In an action against a common carrier for negligent delay in the carriage and delivery of machinery intended for use, the proper measure of damages, in the absence of special notice, is the usable value of the same during the period of delay, together with such reasonable expenses as may be incurred by the owner in searching therefor in an attempt to procure the delivery thereof.

**2. Same—Liability of Connecting Carrier.**

The connecting carrier cannot be held liable for special damages accruing to the owner by virtue of the nondelivery of a shipment, where the notice or special instructions given by the shipper to the initial carrier have not been communicated to the connecting carrier.

**3. States—Admission of Territory—Law of Contracts Made Before Statehood.**

When a contract of shipment arose in the Indian Territory before statehood, interest may be recovered upon the damages accruing to the shipper by reason of delay in the delivery thereof.

**4. Carriers—Negligent Delay—Special Damages—Proximate Cause.**

Before a judgment can be rendered against the initial carrier for special damages on account of its failure to communicate a notice or special instructions to the connecting carrier, there must be some evidence tending to show that its failure to communicate said notice received by it from the shipper was the immediate cause of the delay, or, in other words, the delay must be the proximate result of the failure to deliver such notice.

**5. Same—Evidence.**

Evidence examined, and same held insufficient to support a claim for special damage.

(Syllabus by Hooker, C.)

Error from District Court, Washington County; R. H. Hudson, Judge.

Action by the Sun Drilling Company against the Atchison, Topeka & Santa Fe Railway Company and the St. Louis & San Francisco Railroad Company. Judgment against each defendant, and they bring error. Judgment against the St. Louis & San Francisco Railroad Company affirmed, and judgment against the Atchison, Topeka & Santa Fe Railway Company reversed, and cause remanded.

See, also, 41 Okla. 80, 125 Pac. 353, 48 L. R. A. (N. S.) 509.

Cottingham & Hayes and C. H. Wood, for plaintiff in error Atchison, T. & S. F. R. Co.

R. A. Kleinschmidt and Fred E. Suits, for plaintiff in error St. Louis & S. F. R. Co.

Montgomery & O'Meara, for defendant in error.

Opinion by HOOKER, C. From the record here it appears that, on April 1, 1907, the Sun Drilling Company was engaged in the business of drilling oil and gas wells for hire, and that it owned certain machinery which it used for said purpose; and in the operation of its business near Bristow, then Indian Territory, it became necessary for it to procure certain additional tools, and pending the procuring of the same it was compelled to and did, suspend operations. That on April 1, 1907, it caused to be delivered to the Atchison, Topeka & Santa Fe Railway Company for shipment to it at Bristow certain tools and apparatus set forth in the record here, and that at the time of the delivery it stated to the agent of the company at Bristow its business, and that pending the arrival of said articles at destination it was compelled to shut down its drilling outfit and suspend operations, and said articles were accepted by the Atchison, Topeka & Santa Fe Railway Company for shipment at Bartlesville to Bristow, and thereupon it issued to the company a through bill of lading; that said articles were loaded in order that a through shipment might be made thereof to Bristow without unloading, and said articles were delivered by the Santa Fe to the Frisco at Tulsa in the forenoon on April 3, 1907; that at the time of delivery of said articles by the Santa Fe to the Frisco, no communication was made to the Frisco by the Santa Fe relative to the facts and circumstances of the shipment, the importance of their immediate delivery and the necessity for prompt shipment as had been explained by the Sun Drilling Company to the Santa Fe at the time the contract of shipment was entered into. It appears from the evidence that

two days was reasonable time for transportation of the articles from Bartlesville to Bristow, but that part of said articles arrived at Bristow about the 10th of April, 1907, and the remainder thereof arrived about the 20th or 25th of May, 1907. As a result of this delay the lower court found from the evidence that the Sun Drilling Company was compelled to cease operations or a period of 35 days, and that the reasonable usable value of the tools thus delayed was $15 a day, and thereupon rendered judgment against the Frisco for the sum of $525 and interest thereon, and likewise found that the Santa Fe was liable to the Sun Drilling Company for special damages in the sum of $675, with interest, for which judgment was rendered.

This court in M., O. & G. R. Co. v. Hazler & Price, 35 Okla. 12, 128 Pac. 105, said:

"In an action against a common carrier for negligent delay in the carriage and delivery of machinery intended for use, the proper measure of damages , in the absence of special notice, is the usable or rentable value of the machinery during the period of delay, together with such reasonable expenses as may be incurred by plaintiff in searching for, recovering or in endeavoring to secure, delivery."

Likewise this court in C., R. I. & P. R. Co. v. Reid, 38 Okla. 214, 132 Pac. 812, followed the above case.

These authorities define the measure of damages in the state of facts above given. This is the law in Oklahoma. The court in its findings of fact fixes the usable value of these tools at $15 a day, and the evidence introduced by the Frisco also establishes such value at $15 a day, the judgment of the court being amply supported in this record.

There cannot be any contention here that the Frisco had notice of any special claim or any knowledge that any special damages would accrue to the Sun Drilling Company by reason of the delay of the delivery of these tools; hence the measure of damages against the Frisco must be confined to usable value of the tools in question during the time of the delay. This the court by its judgment did, and we cannot see any error therein.

Upon the question of interest, this case arose in Indian Territory prior to statehood and in M., K. & T. R. Co. v. Truskett, 104 Fed. 728, 44 C. C. A. 179, the United States Circuit Court of Appeals for the Eighth Circuit said:

"It is finally claimed that an error was committed by the trial court in allowing interest on the amount of the recovery from August 3, 1892, which, as we infer, was the

date when a claim for damage was preferred, and that the Court of Appeals in the Indian Territory erred in adding a penalty of 10 per cent. upon the theory that the appeal was frivolous or vexatious. Concerning the penalty that was imposed by the Court of Appeals, it is quite sufficient to say that it was incumbent on that court to award the penalty on the affirmance of the judgment below, by virtue of section 1311, Mansf. Dig (section 813, Ind. T. Ann. St. 1899), as this court held in Railroad Co. v. Elliott [42 C. C. A. 188] 102 Fed. 96. And, concerning the allowance of interest by the trial court, it is to be observed that, as this action was brought to recover damages for a breach of the implied contract of the carrier to transport the cattle over its road with reasonable celerity, we perceive no reason why the actual loss which was sustained by the shipper as far back as July, 1892, should not bear interest from the date when the claim for damage was preferred. Nothing short of the actual amount of such loss, and interest thereon from the time it was demanded, will fully compensate the shipper for the breach of the agreement, and he is entitled to full compensation. In an action against a common carrier for failure to transport property in accordance with its contract, the general rule is to allow as damages the value of the property, with interest upon such value from the time when it should have been delivered, if it is not delivered at all. Railroad Co. v. Estill. 147 U. S. 599, 622, 13 Sup. Ct. 444, 37 L. Ed. 292, and cases there cited. When the property is delivered by the carrier, but a loss has ensued to the shipper from a failure to deliver it within a reasonable time, no reason is perceived why interest on the amount of the loss may not also be allowed from the time compensation for the loss is demanded. In actions of pure tort, which do not sound in contract, as where the property of a third party is destroyed or injured through the negligence of a carrier, the usual practice is, as this court said in Eddy v. Lafavette. 4 U. S. App. 247, 252, 1 C. C. A. 441, 49 Fed. 807, to leave the allowance of interest on the damages which may be assessed to the sound discretion of the jury. But, as the case at bar is founded upon a breach of contract, it may well be distinguished from the case last cited."

This case was later affirmed by the Supreme Court of the United States in 186 U. S. 480, 22 Sup. Ct. 943, 46 L. Ed. 1259.

Under the authority above cited, the judgment here giving to the defendant in error interest upon its claim for damages must be affirmed.

This case has been before this court on a former appeal (41 Okla. 80, 135 Pac. 353, 48 L. R. A. [N. S.] 509), wherein it was held:

"In an action against both the initial and terminal carrier for damages caused by negligent delay, although the initial carrier has notice of the importance of prompt delivery, and that loss of profits would result from delay, where all the delay is shown to have been on the terminal line, then, in the absence of statute or contract to such effect, the initial carrier will not be held liable for any of the damages resulting, although it may have failed to deliver such special notice, unless it appears that such delay was the proximate result of a given act, is generally one notice. Damages, to be recoverable for negligence, must appear to be the proximate result of the negligence shown, and the question as to what is the proximate cause of an injury, or what is the immediate or proximate result of a given act, is generally one of fact for the jury. In an action against two carriers for damages, where it appears that each has been guilty of separate acts of negligence, and that plaintiff has sustained damages, but there is an issue of fact as to which carrier's negligence was the proximate cause of the injury, and where such fact can be determined only from the evidence and circumstances of the case, an instruction which takes such fact from the jury is erroneous."

Such is the law of this case, and before judgment can be rendered against the Atchison, Topeka & Santa Fe Railway Company for special damages, there must be some evidence tending to show that its failure to give to the terminal carrier notice of the special instructions received by it from the shipper was the immediate cause of the delay. In other words, the delay must be the proximate result of the failure to deliver such notice. This the evidence does not show, While it is true that the question as to what is the proximate cause of an injury or the proximate result of a given act is one for the jury, yet, before a jury or court can properly decide such question, there must be some evidence to support the verdict or finding.

As we view the record, there is in this case no evidence whatever to show that the failure of the Santa Fe to deliver the notice to the Frisco was the proximate cause of the delay, nor is there any evidence here establishing the claims of special damage, and in our opinion the judgment against the Santa Fe must be reversed.

It is therefore ordered that the judgment here as to the St. Louis & San Francisco Railroad Company be affirmed, and that as to the Atchison, Topeka & Santa Fe Railway Company be reversed, and the cause remanded for a new trial consistent with the facts herein expressed.

By the Court: It is so ordered.