402    APPELLATE COURTS OF ILLINOIS.

Gustafson et al. v. Michigan Cent. R. Co., 218 Ill. App. 402.

## C. A. Gustafson and John A. Anderson, trading as Anderson & Gustafson, Appellees, v. Michigan Central Railroad Company, Appellant.

### Gen. No. 24,982.

1. CARRIERS, § 96*—*when delay in returning car is due to negligence.* In an action against a railroad company to recover damages claimed to have been sustained by its negligence in failing to return in a reasonable time a car belonging to plaintiff, evidence examined and *held* to show that the delay in returning the car was caused by defendant's negligence.

2. CARRIERS, § 201*—*what charges may be collected when private cars are furnished.* Where private cars are furnished by a shipper for use in interstate commerce, the only compensation which the carrier can pay therefor is that fixed by the Interstate Commerce Commission, and such allowance or compensation can be increased or diminished by the Commission only.

3. CARRIERS, § 110*—*what is effect of rule as to charges in action for damages for delay.* Rule 29 of the Official Classification fixed by the Interstate Commerce Commission, providing the compensation or allowance which shall be paid by carriers to the owners of tank cars for the use of such cars does not apply to an action by the owner of a car to recover damages alleged to have been sustained by the carrier's negligence in failing to return the car within a reasonable time after the shipment which it contained had been delivered.

4. CARRIERS, § 110*—*what damages are without scope of Interstate Commerce Act.* Damages caused by a carrier's negligence are not within the Interstate Commerce Act and are, therefore, without the scope of the Interstate Commerce Commission.

5. CARRIERS, § 110*—*what evidence is admissible to show damages for delay.* In an action by the owner of a car against a carrier to recover damages alleged to have been sustained by its negligence in failing to return the car within a reasonable time, evidence as to the reasonable rental of the car is admissible on the question of damages.

6. CARRIERS, § 96*—*when owner of car may recover damages for delay.* The owner of a car which is unnecessarily detained by the carrier after the freight contained therein has been delivered is entitled to recover the reasonable rental value of the car during the time of such unnecessary detention.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Gustafson et al. v. Michigan Cent. R. Co., 218 Ill. App. 402.

Appeal from the Municipal Court of Chicago; the Hon. HOWARD HAYES, Judge, presiding.    Heard in the Branch Appellate Court at the March term, 1919.    Affirmed.    Opinion filed June 2, 1920.

WINSTON, STRAWN & SHAW, for appellant; FRANK H. TOWNER, of counsel.

ALDEN, LATHAM & YOUNG, for appellees; CHARLES MARTIN, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiffs brought suit against the defendant railroad company to recover damages claimed to have been sustained by them on account of defendant's negligence in failing to return within a reasonable time an empty tank car from Detroit, Michigan to Cushing, Oklahoma.    There was a verdict and judgment in plaintiff's favor for $180, to reverse which defendant prosecutes this appeal.

The record discloses that plaintiffs were engaged in the oil business and sold some of their product to the Ford Motor Company of Detroit.    The oil was shipped in a tank car furnished by plaintiffs' which was to be returned by the defendant.    On the return trip it was permitted to remain for a period of 18 days at Joliet, Illinois.    Plaintiffs contend that this delay was caused by the negligence of defendant and that for such delay they were entitled to the rental value of the car amounting to $10 per day.    Defendant's position was that the delay in the return of the car was not caused by its negligence but was due to the failure of the Ford Motor Company to furnish proper forwarding directions; and that the most plaintiffs could recover was three-quarters of one cent per mile as fixed by the Interstate Commerce Commission.

As to what caused the delay of the car at Joliet the evidence tends to show that when the car was emptied

of its contents at Detroit there was placed on the car a card showing the consignee, destination and route and that from such information cars of this character were usually returned without further directions. Defendant, in an endeavor to prove that the delay was not occasioned by its fault, produced Myron Fischer who testified that he was the only one who would receive shipping orders for the car at Detroit, and that no such orders were received by him; that the car was returned on the directions written on the card and placed on the car by the Ford Motor Company. This witness testified that he got his information from the records which he had not thoroughly examined. Defendant also produced John P. Kilkline who testified that it was his duty to issue billing on outbound cars at Detroit; that a waybill for such cars would be issued by him after he had received shipping orders; that without such order it was impossible to make out a waybill; that he did not receive such order for the car in question until April 12 (at which time the car had been standing at Joliet 18 days), and that immediately he issued a waybill and the car was moved to Oklahoma. This witness further testified, however, that at the time in question and for a number of years prior thereto it was the custom to return empty tank cars on the information contained on the cards without further shipping orders. In answer to an interrogatory filed prior to the trial defendant replied: "Said car was consigned to Anderson & Gustafson at Cushing, Oklahoma, via the A., T. & S. F. Ry. Co., at Joliet, Illinois." Defendant's superintendent of car service wrote plaintiffs that he was endeavoring to find out why the Santa Fe refused to take the car from Joliet to Oklahoma "as it was properly accompanied by memo. bill when received from the Ford Motor Company." The undisputed evidence shows that the car was moved from Detroit to Joliet and it is clear that before the car was moved there must have been

some shipping directions.   In fact, in the sworn an-
swer to the interrogatory mentioned it is stated that
the car was consigned to plaintiffs at Cushing, Okla-
homa via the Santa Fe from Joliet.   We think it clear
that the delay of the empty car was occasioned by
defendant's negligence.   In these circumstances it will
be unnecessary to discuss the action of the court in
refusing to give an instruction tendered by defendant
other than to say that other instructions given by the
court fully covered defendant's rights on this point.

The principal contention of defendant is that plain-
tiff's claim can in no event exceed the amount fixed
by rule 29 of the Official Classification filed by defend-
ant with the Interstate Commerce Commission, which
rule provides for an allowance to be paid by the car-
rier to the owner or lessee of tank cars of three-quar-
ters of one cent per mile for the loaded and empty
movements of such cars.   It is said that this question
is one of great importance to railroads and shippers
and is of first impression.   Defendant offered in evi-
dence a certified copy of its schedules filed with the
Interstate Commerce Commission, which, on objection,
was excluded.   Paragraph 1, rule 29 of the Official
Classification is as follows:   "In providing ratings
in this classification for articles in tank cars, the car-
riers whose tariffs are governed by this classification
do not assume any obligation to furnish tank cars.
When tank cars are furnished by shippers or owners,
mileage at the rate of three-quarters of one cent per
mile will be allowed for the use of such tank cars,
loaded or empty, provided the cars are properly
equipped.   No mileage will be allowed on cars switched
at terminals nor for movements of cars under empty
freight car tariffs."   It is defendant's position that
the only claim plaintiffs have in the instant case is
that provided for in the rule quoted; that section 6
of the Act to Regulate Interstate Commerce provides
that every common carrier subject to the provisions

of the act shall file with the Interstate Commerce Commission schedules showing all rates, fares and charges for transportation between the different points on its own route and between points on its own and points on the routes of other railroads; that schedules shall contain the classification of freight in force and shall also state separately all terminal charges, privileges or facilities granted or allowed, and any rules or regulations which in anywise change, affect, or determine any part or the aggregate of such "rates, fares, and charges or the value of the service rendered to the passenger, shipper or consignee"; that it was in compliance with this section of the act that defendant filed its schedules with the commission; that section 15 of the Act provides that if the owner of any property transported under the act furnishes any instrumentality used, "the charge and allowance therefor shall be no more than is just and reasonable and the Commission may after hearing, on a complaint or on its own initiative, determine what is a reasonable charge as the maximum to be paid by the carrier * * * for the use of the instrumentality so furnished and fix the same by appropriate order which order shall have the same force and effect and be in force in like manner as the orders above provided for under this section"; that section 1 of the Act as amended May 29, 1917, provides that where tank cars are used by carriers as in the instant case, the Interstate Commerce Commission shall, after hearing on complaint or upon its own initiative without complaint, establish reasonable rules, regulations, and practice including compensation to be paid for the use of any car not owned by the common carrier, and under these provisions of the act defendant argues that the "Interstate Commerce Commission has the sole jurisdiction over the amount of compensation to be paid by a carrier for the use of a private car"; that the Commission having determined and fixed

such amount at three-quarters of one cent per mile for the use of private cars furnished by the shipper, as in the instant case, the defendant is not permitted to pay more and the court is without jurisdiction or authority to order it to do so; that before any greater amount can be allowed the matter must first be taken up with the Commission and determined by them.

Where private cars are furnished by the shipper, as in the instant case, it is undoubtedly true that the maximum compensation which the carrier can pay for the use of the car is three-quarters of one cent per mile for loaded and empty movements. This allowance or compensation can only be increased or diminished by action of the Commission, but we think this argument is beside the point involved in the case before us. Here compensation is not asked for the use of the car. The claim is that plaintiffs have been damaged by reason of the negligence of defendant in permitting the car to remain 18 days at Joliet. We think it self-evident that rule 29 of the Official Classification was not intended in any way to cover such a situation. It is conceded, as indeed it must be, that damages caused by the negligence of a carrier are not within the act of Congress to regulate interstate commerce and, therefore, without the scope of the Interstate Commerce Commission. In *Galveston, H. & S. A. Ry. Co. v. Wallace,* 223 U. S. 481, the court said: "Damage caused by failure to deliver goods is in no way traceable to a violation of the statute, and is not, therefore, within the provisions of sections 8 and 9 of the Act to regulate commerce." And since plaintiffs' claim can in no conceivable way be brought within rule 29, it follows that the court properly excluded the Official Classification offered in evidence.

Counsel for defendant call our attention to a report of the special master in the case of *Guaranty Trust Co. of New York v. Missouri Pac. Ry. Co.,* pending in the District Court of the United States for the

408        APPELLATE COURTS OF ILLINOIS.

Gustafson et al. v. Michigan Cent. R. Co., 218 Ill. App. 402.

Eastern Division of the Eastern District of Missouri, wherein the master held that the only compensation which the owner could recover for the unnecessary detention of a private car is that provided in the tariff filed with the Interstate Commerce Commission, which report was approved by the court. In the report the master says that the claimant seeks to recover from the receiver of the railroad company "for the use of a tank car owned by claimant," and further he states that the claim is for the detention of the car. We are, therefore, at a loss to know just what was the basis for the claim. If it was for the use of the car, of course, the master was right. If the claim was for the wrongful detention of the car, we think his conclusion was clearly wrong.

There is some argument that in no event was the proper measure of damages applied or allowed. Witnesses testified to the reasonable rental value of the car. This evidence was proper and plaintiffs were entitled to recover the reasonable rental value of the car for the time it was unnecessarily detained at Joliet. *McCabe v. Chicago & N. W. Ry. Co.,* 215 Ill. App. 99; *The Mediana,* L. R. [1900] App. Cas. 113; *Priestly v. Northern Indiana & C. Ry. Co.,* 26 Ill. 206; *Galbraith v. Chicago Architectural Iron Works,* 50 Ill. App. 247.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

THOMSON, P. J. and TAYLOR, J., concur.