## W. T. FERGUSON LUMBER CO. v. HIAWATHA LUMBER CO.

No. 13619—Opinion Filed March 18, 1924.

Rehearing Denied Dec. 30, 1924.

1. Sales — Breach of Contract to Deliver Property Described.

If personal property is sold by particular description and specific requirements, the delivery of an article which fails to meet the description and requirements constitutes a breach of the sales contract.

2. Sales—Measure of Damages for Breach.

The damages resulting from the breach of a sales contract for the sale of a commercial commodity are ascertained by arriving at the difference between the contract price and the price which must be paid by the purchaser for a like commodity in the open market at the place specified for delivery. If the commodity may not be had in the open market

at the place specified for delivery, then the nearest market must be used as a basis for computation, plus the transportation charges from such point to the place specified for delivery.

### 3. Same—Time of Breach—Diverted Shipment.

If the place for delivering the commodity to the purchaser is specified in the contract of sale and the shipment be diverted by the purchaser and there is found to be a breach of the sales contract upon inspection at final destination, the time of the breach of the sales contract will be deemed to have been the time at which the shipment as it traveled would have reached the place for delivery as fixed by the sales contract.

### 4. Same.

In this case it is admitted by the seller that the lumber failed to meet the specifications as contracted for by the purchaser. The car was diverted by the purchaser from its first destination at Oklahoma City to Ponca City, where the breach of the sales contract was first discovered. Consequently, the time at which the breach will be deemed to have occurred was the time which the car would have reached Oklahoma City in the course of its travel, if it had not been diverted, since there is no question of delay involved in the shipment.

### 5. Same—Insufficiency of Evidence.

Record examined, held, to be insufficient to support the judgment rendered by the court in favor of the purchaser on its cross-action for breach of the sales contract.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by Ferguson Lumber Company against the Hiawatha Lumber Company for debt. Cross-action by the defendant against the plaintiff for breach of sales contract for car of lumber. Judgment for defendant against the plaintiff on cross-action. Plaintiff brings error. Reversed and remanded.

Everest, Vaught & Brewer, for plaintiff in error.

V. E. McInnis, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff and defendant entered into a contract for the sale of a car of lumber by the plaintiff to the defendant in September, 1919, for shipment to the defendant at Oklahoma City. The contract of sale specified the kind and class of lumber at the price of $73 per thousand feet, the car to contain not more than 25,000 feet of lumber. The time for shipment or delivery was not specified in the contract and the plaintiff had a reasonable length of time in which to make the shipment and de-

livery. No question of delay is involved. The car of lumber was shipped to the defendant at Oklahoma City, but was diverted, en route, by the defendant to Ponca City, where it arrived in the last days of December. When the car was opened and inspected it was found that the lumber was not the kind and class ordered by the defendant and the plaintiff was accordingly notified. This constituted a breach of the sales contract. The car of lumber was not accepted by the defendant. However, the defendant had paid the cost of transportation from the originating point to Yale, Okla., from which point it was diverted to Ponca City. As the contract of sale provided for the delivering of the car at Oklahoma City to the defendant, the time of the breach of the sales contract is the time which the car would have reached Oklahoma City in the course of its travel, except for the diversion to Ponca City. The measure of damages to be applied in this case is the difference between the contract and the price which the defendant would have been required to pay at the place of delivery for a like kind and class of lumber. If it could not have been purchased in the open market at Oklahoma City, then the computation should be made on the basis of the market price at the nearest point to Oklahoma City, plus any difference between the transportation charges. In this case it appears that the defendant paid the freight charges and recovery for this item should be allowed, and this should be taken into consideration in arriving at the sales price of the lumber. The plaintiff contracted to sell the lumber to the defendant at $73 per thousand, the defendant to pay transportation charges; hence, the sales price to the defendant was $73 per thousand plus transportation charges. The testimony is not at all clear on the question of the market value of such lumber as established by Oklahoma City market in the latter days of December. The evidence of the market values ranged all the way from $80 to $100. If the market price had been $100 per 1,000 feet, the defendant would have been entitled to a judgment of $750. However, the court entered judgment for the defendant on its cross-petition in the sum of $1,380. Therefore the judgment in favor of the defendant on the cross-action is not supported by the evidence. The authorities in support of the foregoing conclusions are: Benjamin on Sales, vol. 2, sections 1261-2-3 and 4; and Benjamin on Sales, vol. 2, section 1273; Mechem on Sales, vol. 2, sections 1375, and 1801, and 1802; United Iron Works Co. v. Henryetta Coal and Mining Co., 62 Okla. 99, 162 Pac. 209; Emerson-Brantingham Implement Co. v. Ware, 71 Okla. 19 174 Pac. 1066; Rogers Lumber Co. v. Judd,

52 Okla. 387, 153 Pac. 150; Coyle Consolidated Companies v. Swift & Co., 42 Okla. 613, 140 Pac. 1114; Gutenberg Machine Co. v. Husonian Pub. Co., 54 Okla. 369, 154 Pac. 346; Elliott on Contracts, section 5108.

The correspondence and telegram offered in evidence have no place for consideration in this appeal as the breach of the sales contract is admitted by the plaintiff. The defendant's cross-action is based on the breach of the sales contract in September, 1919, and not on any contract that might have been created by subsequent telegrams and correspondence if, in fact, an additional contract was later entered into between the parties. Therefore, it was error to receive the telegrams and letters in evidence, as the breach of the contract sued for by the defendant in the cross-petition was admitted by the plaintiff.

Therefore, it is recommended that this cause be reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.