**GUSTAFSON & SPENCER, Inc., v. BELL OIL & GAS CO.**

No. 15219—Opinion Filed Feb. 17, 1925.

**1. Sales—Failure to Deliver Merchandise—Measure of Damages.**

The damages resulting from the breach of a sales contract for the sale of a commercial commodity is ascertained by arriving at the difference between the contract price and the price which must be paid by the purchaser for a like commodity in the open market at the place specified for delivery. If the commodity may not be had in the open market at the place specified for delivery, then the nearest market must be used as a basis for computation, plus the transportation charges from such point to the place specified for delivery.

### 2. Same—Recovery Sustained.

Record examined; held, to support judgment in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tulsa County; Z. I. J. Holt, Judge.

Action by the Bell Oil & Gas Company against Gustafson & Spencer, Inc., for damages based upon breach of sales contract. Judgment for plaintiff. Defendant brings error. Affirmed.

Ogren & Wermuth. for plaintiff in error.

Bell & Fellows and Stanley D. Campbell, for defendant in error.

Opinion by STEPHENSON, C. A valid contract was entered into between the plaintiff and defendant, consisting of a written order, letters, and telegrams, whereby the defendant became legally bound to sell ten cars of naptha to the plaintiff. The defendant agreed to deliver the naptha to the plaintiff at Burkburnett, Tex., for a certain sum of money. The defendant failed to deliver the naptha to the plaintiff as it agreed to do. The plaintiff was unable to purchase the naptha at the place of delivery, similar in quality and class with that which the defendant agreed to sell and deliver.

The plaintiff purchased the naptha at Wichita Falls, Tex., which was the nearest point to Burkburnett where it could be secured. The plaintiff was required to pay two cents per, gallon more for the naptha than the defendant contracted to sell and deliver the same merchandise at Burkburnett for. The plaintiff was also required to pay the transportation charges on the naptha from Wichita Falls to Burkburnett. The plaintiff commenced its action against the defendant to recover the extra cost paid for the naptha and for the transportation charges thereon, from Wichita Falls to Burkburnett. The trial resulted in a judgment in favor of the plaintiff and against the defendant for the two items. The defendant has appealed the cause to this court and assigns several alleged errors for reversal here.

It is sufficient to say that the written order, letters, and telegrams passing between the parties constituted a valid contract in writing, whereby the defendant became bound to sell and deliver the naptha to the plaintiff at Burkburnett, Tex., for nine cents per gallon. When the defendant failed to perform its contract, the plaintiff was entitled to go out in the open market in the vicinity where the commodity was to be delivered and purchase a like class and quality. The defendant would be liable to the plaintiff for any extra cost in the purchase of the commodity in the vicinity of the place where the naptha was to be delivered by the defendant. If the plaintiff was unable to purchase the naptha at Burkburnett, it was authorized to purchase naptha of like class and quality in the open market at the nearest point available to Burkburnett. The testimony shows that Wichita Falls, Tex., was the nearest point where the naptha could be purchased by the plaintiff, which cost two cents more per gallon than the defendant contracted to deliver a like commodity for at Burkburnett. The plaintiff was required to pay the transportation charges on the naptha from Wichita Falls. Tex., to Burkburnett. The plaintiff was entitled to recover the extra charge paid for the commodity at Wichita Falls, plus transportation charges from the latter point to Burkburnett. Ferguson Lumber Co. v. Hiawatha Lumber Co., 105 Okla. 193, 232 Pac. 67.

The defendant did not introduce evidence in the trial of the cause and rested on its demurrer to the plaintiff's testimony. It would serve no useful purpose to analyse the evidence and meet the specific objections presented by the defendant as the same questions have been decided numerous times heretofore. It is sufficient to say that the record shows a fair trial between the parties in this cause.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.