ALTON RAILROAD CO. v. OKLAHOMA FURNITURE MFG. CO.

No. 30440.   Feb. 10, 1942.

*122 P. 2d 152.*

Rainey, Flynn, Green & Anderson and Hugh F. Owens, all of Oklahoma City, for plaintiff in error.

Rittenhouse, Webster, Hanson & Rittenhouse, of Oklahoma City, for defendant in error.

HURST, J. Plaintiff, Oklahoma Furniture Manufacturing Company, sued to recover damages from the Alton Railroad Company for delay in the transportation of a shipment of material from St. Louis, Mo., to Oklahoma City. A jury was waived, and when plaintiff rested its case defendant demurred to the evidence. The trial court overruled the demurrer, and upon defendant's election to stand thereon rendered judgment for plaintiff. Defendant appeals.

Plaintiff is a manufacturer of furniture in Oklahoma City. It ordered from Foster Manufacturing Company of St. Louis, Mo., a carload of springs to be used in the manufacture of upholstery and mattresses. The car containing the springs was delivered to defendant at St. Louis on February 4, 1938. Defendant was engaged to transport the car to Kansas City, Mo., and deliver it to the Santa Fe lines for delivery to plaintiff at Oklahoma City. Ordinarily the time required for delivery of such material from St. Louis to Oklahoma City is three days. By mistake the car was diverted as an empty by defendant to Seymour, Ind., where it remained for several days, and was not delivered to the Santa Fe lines at Kansas City until February 11th. It arrived in Oklahoma City on February 14th, a delay of seven days, due, according to the evidence of plaintiff, solely to the fault of defendant.

Plaintiff claimed, and its evidence tended to prove, a loss in its upholstering department of $142.56, and in its mattress department of $127.37, both due to the fact that it was compelled to pay regular wages to the employees in those departments during the week the shipment of springs was delayed, while its production in those departments was to some extent curtailed during the same period for lack of the springs. It also claimed a loss on a canceled order of $37.50, a loss in its truck department of $100 because of its inability to keep one of its trucks busy due to lack of springs necessary to make up an order which the truck was to deliver, and interest on the amount paid for the springs. The trial court disallowed the two last-mentioned items, and rendered judgment for the other three. Defendant appeals.

There is no evidence that defendant was notified that the operation of plaintiff's plant at full capacity was dependent on the prompt arrival of the carload of springs, nor was there any evidence that plaintiff was unable to obtain springs from any other source during the week the car was delayed.

Defendant contends that the damages shown were not such as might reasonably have been contemplated by the parties at the time the contract of carriage was made, but were special damages, and therefore may not be recovered in the absence of a showing that it had notice that such would be suffered if the shipment was delayed. It cites and relies on 10 C. J. 315 and 320, and on Missouri, O. & G. Ry. Co. v. Hazlett & Price, 35 Okla. 12, 128 P. 105, Chicago, R. I. & P. Ry. Co. v. Reid, 38 Okla. 214, 132 P. 812, and Missouri, K. & T. Ry. Co. v. Foote, 46 Okla. 578, 149 P. 223.

Plaintiff, not denying that the damages sought are special damages, contends that the evidence shows that plaintiff had given considerable business to defendant for some five years prior to the date of this shipment, and defendant at all times knew the character of the business in which plaintiff was en-

gaged, and that such knowledge, coupled with the nature of the shipment. was constructive notice of the use which was to be made of the shipment, so that defendant was apprised of the necessity for prompt delivery. It cites and relies upon 10 C. J. 319, 13 C.J.S. 454, St. Louis & S. F. R. Co. v. Farmers' Union Gin Co., 34 Okla. 270, 125 P. 894, Ft. Smith & W. R. Co. v. Williams, 30 Okla. 726, 121 P. 275, and Choctaw, O. & G. Ry. Co. v. Jacobs, 15 Okla. 493, 82 P. 502, which lay down the rule that the railroad may be charged with notice of special damages resulting from delay by reason of its knowledge of the nature of the goods shipped, or other circumstances from which notice to it might be inferred.

The general rule as to notice which will entitle the shipper to recover for the loss of use of property intended for use and not for sale was stated in St. Louis & S. F. R. Co. v. Farmers' Union Gin Co., above, quoting from Hutchinson on Carriers (3rd Ed.) § 1369, as follows:

"If an article is intended for use in business at destination, and the carrier unreasonably delays its transportation, the owner cannot recover for the loss of its use during the delay, or the profits which he would thereby have made if it had been seasonably delivered, unless he alleges and proves that the carrier, at the time the contract for its transportation was made, was informed of the special use to which it was to be put. And proof that the carrier had knowledge of the general use to which the article was to be put will not be sufficient to charge him with liability for loss of its use or the profits which would thereby have been made. The special circumstances of the case requiring care or expedition must have been brought to his attention in such a way that his acceptance of the article, under the circumstances, could fairly be said to amount to an assumption of the risks which naturally and proximately would flow from his default."

See, also, 10 C. J. 315; 13 C.J.S. 450; 4 R.C.L. 936; 9 Am. Jur. 737.

The precise question for determination here is, therefore, whether knowledge that plaintiff was a manufacturer of furniture and that the goods shipped were of a kind which could be used in such business was notice to defendant that a delay in the arrival of shipment would curtail the business of plaintiff, and force it to pay idle hands and be unable to fill orders during any delay which might occur.

This court has held that knowledge of the nature of the business in which the shipper is engaged, together with notice of other facts and circumstances attending the ordering of the shipment, may be sufficient to give the carrier notice that delay in transportation will result in special damages to the shipper. St. Louis & S. F. R. Co. v. Farmers' Gin Co., above, Ft. Smith & W. R. Co. v. Williams, above, and Kansas City, M. & O. Ry. Co. v. Fugatt, 47 Okla. 727, 150 P. 669. But examination of the opinions in those cases discloses that the facts and circumstances shown were such that knowledge of special damages due to delay must necessarily have been apparent to any person of ordinary intelligence.

In other cases, where knowledge of the nature of the business of the shipper was not accompanied by notice of other facts and circumstances from which special damages to the shipper from delay in transportation would necessarily be inferred, the carrier has been held not liable therefor. Missouri, K. & T. Ry. Co. v. Foote, above, and Missouri, O. & G. Ry. Co. v. Hazlett & Price, above. We think the evidence in the instant case brings it within the rule announced in the cases last cited, and relied on by the defendant.

In the instant case the only circumstance shown by the evidence from which notice of the special damages claimed can be imputed is the fact that plaintiff is engaged in manufacturing furniture. While the plaintiff's witness testified that the car contained springs for use in the mattress and upholstery departments, there is in the record no

evidence showing that notice of its contents, or the purpose for which they were to be used, was brought home to defendant at the time the shipping contract was made. There was no agreement to deliver the shipment on a specified date, or request that delivery be rushed. The difference in facts and circumstances between this case and the Oklahoma cases cited and relied upon by plaintiff is obvious, and renders them inapplicable to the instant case.

We think the knowledge of the railroad that plaintiff was engaged in manufacturing furniture, standing alone, was not sufficient to charge it with constructive notice of the urgency of the shipment. To do so we must say that therefrom the railroad must have inferred not only that the material in the car was to be used in the manufacture of furniture, but that it must also infer that plaintiff's stock of such material was exhausted, and that if the shipment was delayed plaintiff would be unable to bridge the emergency by obtaining a temporary supply from any other source, and would be forced to curtail production. This would place an unreasonable burden on the railroad. If such condition existed, it could easily have been communicated to the railroad, and the importance of prompt delivery of the shipment, and the unusual consequences of delay, impressed upon it, so that it could, if it deemed necessary, take extraordinary precautions to insure prompt delivery. The evidence did not establish the right of plaintiff to recover the damages sought.

For cases involving facts similar to those in the instant case and containing a good discussion of the law involved, see Percy v. Chicago, R. I. & P. Ry. Co., 207 Iowa, 889, 223 N. W. 879, Illinois Central R. Co. v. Hopkinsville Can. Co., 132 Ky. 578, 116 S. W. 758, and Kirby v. American Express Co., 137 Wash. 241, 242 P. 24.

It appearing that there is no liability against the railroad company, the demurrer to plaintiff's evidence should have been sustained, and it would serve no useful purpose to remand the cause for further proceedings. It is unnecessary to pass upon the contention of defendant that the court erred in overruling its motion to quash the summons.

Reversed, with directions to enter judgment for the defendant.

WELCH, C. J., and RILEY, OSBORN, BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., absent.