ROBBINS et al. v. TROTTER.

No. 33713. May 2, 1950.

*217 P. 2d 1027.*

Walter Hubbell, of Walters, for plaintiffs in error.

Wm. T. Powell, of Walters, for defendant in error.

HALLEY, J. On or about the 22nd day of March, 1944, H. C. Trotter entered into a contract with the defendants, G. E. Robbins and W. B. Hurst, doing business under the firm name of Cotton County Motor Company, at Walters, Oklahoma, for the purchase of a seven-foot Motor Machine Massey-Harris Combine, at a delivered price of $1,125, and deposited $100 good-faith money. The parties will be referred to as they appeared in the lower court.

At the time that the plaintiff's order was entered, there were two persons who had applications with the defendants to purchase combines. They were a Mr. Reynolds and Mr. J. O. Michael. The type of combine that the plaintiff ordered was the kind that was not self-propelled and had to be towed. There was some question as to the type of machine that Mr. Reynolds had ordered. It seems that he first ordered the type that was not self-propelled, and later changed to a self-propelled combine, but that he accepted the non-self-propelled type at the time they were delivered to defendants. There is no question that the type Mr. Michael ordered was the self-propelled. The defendants thought that they would receive at least enough combines to take care of the plaintiff and the other two customers, as they expected to receive at least four combines; but they received only two, and never did deliver any type of combine to the plaintiff, although those which they received were of the specific type that he had ordered.

There was a conflict in the evidence as to whether or not in the contracts sued upon the defendants reserved the right to substitute the non-self-propelled type for the self-propelled type to the first two customers. This question was submitted to the jury on proper instructions, and its verdict was adverse to the defendants.

The defendants urge that the court did not give the proper measure of damages in instruction No. 7, which is as follows:

"You are instructed that if you should find by a preponderance of the evidence in this case in favor of the plain-

tiff and against the defendants herein, the measure of damages would be the net cash value of the use of the combine in harvesting plaintiff's own grain crop and that of his neighbors contracted to combine, if you find that he had so contracted such grain crops, and from this fix the amount of his recovery in whatever amount you may find from the evidence he is entitled to, but in no event to exceed the total sum of $1,320.00, the amount sued for", and that the court erred in refusing to give the defendants' requested instructions 1 and 2, which are as follows:

"No. 1. You are instructed that the measure of damages for a breach of contract of sale for a commercial commodity is:

"The damages resulting from a breach of a sales contract for the sale of a commercial commodity is ascertained by arriving at the difference between the contract price and the price which must be paid by the purchaser for a like commodity in the open market at the place specified for delivery. If, however, the commodity may not be had in the open market at the time and place specified for delivery, then the nearest market in point of time and place must be used as a basis for computation plus the transportation charges from such point to the point specified for delivery, and the special damages, if any, resulting from the delay in obtaining the property."

"No. 2. Keeping in mind the foregoing instruction, you are further instructed that:

"The buyer of personal property under an executory contract of sale may, upon breach of contract by the seller, by failure to deliver, recover special damages in addition to general damages, which are the proximate and natural result of the failure to deliver and may be considered to have been within the contemplation of the parties at the time the parties made the contract, provided, such special damages are properly pleaded and proved."

There was proof that it was impossible to obtain a new combine on the open market in 1944, when the parties were dealing, so defendants' requested instruction No. 1 would not be applicable; and, in our opinion, instruction No. 7 gives the proper measure of damages under the facts in this case, under the rule laid down in Cushman Motor Works v. Kelly, 70 Okla. 208, 173 P. 1042. There is no question in this case but that the plaintiff sustained damages because, as to his own crop alone, the evidence showed that he lost $320, the amount that the jury awarded to him. In addition, he had contracts to thresh for his neighbors, from which he could expect a profit of $2 per acre, and had at least 537 acres contracted for. There is nothing excessive about this verdict, and we find no reversible error in the record.

The judgment of the trial court is affirmed.

DAVISON, C.J., ARNOLD, V.C.J., and CORN, GIBSON, and LUTTRELL, JJ., concur.