**L. D. MOORE and Genevie Moore, Plaintiffs in Error,**

**v.**

**John R. EMERSON, Defendant in Error.**

**No. 37863.**

Supreme Court of Oklahoma.

May 6, 1958.

Shidler & Threadgill, by William J. Threadgill, Tulsa, for plaintiffs in error.

Primus C. Wade, Tulsa, for defendant in error.

WILLIAMS, Justice.

This action was brought by L. D. Moore and Genevie Moore, hereinafter referred to as plaintiffs, against John R. Emerson, hereinafter referred to as defendant, to obtain an accounting for rents and profits allegedly received by defendant in connection with certain real property.

Plaintiffs' petition alleges in substance, that on March 11, 1952, plaintiffs and defendant entered into a contract in writing whereby defendant sold and plaintiffs purchased certain real property in the City of Tulsa, Oklahoma, for a total price of $11,000, payable $1,500 in cash and $100 per month on the 10th day of each month thereafter; that plaintiffs have complied with said contract by paying $1,500 cash and by other performance later set out; that at the same time and place and as a part and parcel of the same transaction, plaintiffs and defendant entered into an additional agreement in writing whereby defendant was to retain possession and control of such property for the purpose of renting the same and applying the rents and profits according to the terms of such agreement; that such agreement is ambiguous in that it does not clearly reflect the intention of the parties; that the agreement was that defendant was to manage and control such property and guaranteed the plaintiffs the minimum sum of $100 per month which in turn defendant was to apply upon the monthly payments due upon the first mentioned contract of sale, with any amounts received above $100 to be divided between the parties; that since the date of said agreement and contract of sale defendant has retained possession of the premises and rented the same and received the rents and profits therefrom but has refused to account to plaintiffs therefor even though plaintiffs have made demand upon defendant to account to them for the rents and profits and the manner in which said sums have been

disbursed. Copies of both of the written agreements referred to in the petition are attached thereto. The contract of sale provides, insofar as pertinent here, that plaintiffs were to pay to defendant the sum of $100 per month on the 10th day of each and every month until the purchase price be paid in full, with interest at the rate of 6% per annum, and that plaintiffs were to pay all taxes coming due after the date of the contract, and that in the event of their failure to do so, defendant might pay the same and add such sums so paid by him to the amount remaining due under the contract. The other written agreement referred to by the parties as a "side" agreement, is as follows:

"This agreement made and entered into this 11th day of March, 1952, by and between L. D. Moore, party of the first party (sic), and John R. Emerson, party of the second part, Witnesseth: That said second party will garntee (sic) the first party from profits from said building one-third of all profits, and apply same on the purchase price of said contract, giving said L. D. Moore credits from profits thereafter.

"It is further understood that should 2nd party furnish said building of his own accord, the first party agrees to purchase said furnitures and fixtures upon taking possession of said building, will purchase said furnitures and fixture (sic) for a reasonable price, appraised by disinteresting (sic) parties.

"The second party agrees to pay said second (sic) party for use of said building $100.00 per month during his occupency (sic) of said building."

Defendant filed an answer and cross-petition admitting the execution of the written contract of sale and the payment of $1,500 as down payment thereon and that the balance due thereon in the sum of $9,500 was to be paid at the rate of $100 per month; alleging that plaintiffs had paid no part of the succeeding payments due under the contract and had defaulted in making any payments subsequent to the initial payment of $1,500; alleging that since the execution of the contract defendant has been in possession of the property and has collected rentals from different tenants in the total amount of $3,384 but has expended for material, repair and labor, and ad valorem taxes upon the premises, the sum of $2,314.-59; that plaintiffs are therefore in arrears under the contract in the amount of $1,916, exclusive of interest which at the rate of 6% would make the total arrearage the sum of $2,422.50; and prays that the court order plaintiffs to pay into court the sum of $2,-422.50 in order to put the contract of purchase in good standing, and, if plaintiffs should fail to so do, for cancellation of the contract and restitution of the premises. Plaintiffs filed a reply and answer to cross-petition in the form of a general denial.

A trial was had to the court, at which time the court held that the written contracts were not ambiguous, excluded certain evidence offered by plaintiffs on the grounds that the same constituted an attempt to vary the terms of a written contract by oral testimony, and ordered an accounting to be had to determine whether or not defendant owed plaintiffs anything that should be applied on the contract of sale. After hearing was had upon the accounting feature of the case, the court entered judgment for the defendant in which the court found that the contract of sale had been entered into and the down payment of $1,500 made as pleaded; that after the initial down payment above referred to plaintiffs had made no further payments in cash, but that the defendant, having been given the privilege to collect the rents under the "side" agreement herein, had collected over the subsequent period the sum of $3,634, which the court allowed as payments upon the purchase price of the property; that there was then due and unpaid, including interest, the sum of $8,596.50; that under the contract of sale defendant was entitled to a 10% attorney's fee in the amount of $859.65; that under the contract of sale, plaintiffs were to have paid all subsequent taxes due upon the property but had failed to do so, and that defendant had paid

taxes, penalty and interest in the total amount of $649.16; that defendant had been compelled to pay for the upkeep and improvement of the premises, the sum of $1,875.98. The court then ordered and decreed that defendant have and recover from plaintiffs, the sum of $11,981.29; that the property involved be sold, with appraisement, and the amount realized from such sale applied to the payment of the costs of the action, the payment of taxes, if any, and the payment of the amount due defendant in the sum of $11,981.29; that from and after the sale of said property, plaintiffs herein be barred and foreclosed of and from any and every lien upon, or right, title, interest, estate or equity in or to said property.

Plaintiffs' motion for new trial was overruled, and they have perfected this appeal.

As their first proposition of error, plaintiffs assert that they were entitled to show as a matter of law, a contemporaneous partly oral and partly written contract providing for the payment of purchase price of the property, and that the court therefore erred in sustaining defendant's objection to the introduction of certain testimony by plaintiffs, which testimony was offered to prove an oral agreement for a method of payment. Plaintiffs' second proposition of error, which is that the written "side" agreement is ambiguous on its face and that the court therefore erred in holding the written "side" agreement unambiguous, is necessarily involved in the consideration of the first proposition, and the two will therefore be considered together.

The written "side" agreement referred to has already been hereinabove set out in full. Examination of such agreement reveals the same to be both ambiguous and incomplete. The subject matter of the agreement appears to be a building, identified only as "said building". The identity or location of the building involved cannot possibly be determined from the face of the instrument. The agreement only contains three provisions, the first of which is that second party guarantees first party ⅓ of the profits from "said building" and will apply same on the purchase price of "said contract". We know from the pleadings, admissions and stipulations of the parties, and the tendered evidence in this case that the "said contract" referred to in such provision, is the contract of sale between the parties hereinabove referred to, but such fact cannot be determined from the face of the written "side" agreement. In what manner and over what period of time is the profit referred to in the first provision to be determined? Is the cost of repairs to the building to be considered in determining the amount of the profits referred to in such provision? Is the cost of furnishings or fixtures to be considered in determining the amount of such profits? Are the costs of improvements or additions to the property and of taxes assessed against the property to be considered in determining the amount of profits? Is it the duty of second party to make the necessary repairs to the property, or is it the duty of first party to make such repairs? The answers to these questions cannot be found on the face of the written "side" agreement. The second provision of the "side" agreement merely refers to the purchase by first party of furnishings and fixtures placed in the building by second party of his own accord and does not appear to have any bearing upon any of the issues in this case. The third and last provision of the side agreement merely provides that second party (defendant) agrees to pay $100 per month for the use of said building during his occupancy thereof. This particular provision does seem to be relatively clear and unambiguous, but appears to have been overlooked by the trial court in making the accounting between the parties. No other provision whatsoever are to be found in such "side" agreement and the same is therefore obviously incomplete.

The testimony offered by plaintiffs and rejected by the court was not of such nature as to constitute an attempt to contradict or vary the terms of either of the written agreements pleaded. The gist of the testimony offered was that the "side" agreement and the contract of sale were executed

contemporaneously and as a part and parcel of the same transaction and that the property referred to in the "side" agreement was the same as that described in the contract of sale; that it was orally agreed that defendant should assume control and management of the property involved; that any rent in excess of $100 per month collected by defendant should be divided ⅓ to plaintiffs, ⅓ to defendant as his pay for handling the property, and the other ⅓ to be used to pay for the necessary repairs and expenses of the property.

While parol testimony is inadmissible to change or contradict the terms of a written contract, yet a parol contract may be made between the parties contemporaneously with the execution of the written agreement, providing it is separate and independent, and its terms are in no way in conflict with or contradictory to the written stipulation. Mackin v. Darrow Music Co., 69 Okl. 1, 169 P. 497. And where a writing or memorandum of contract does not purport to disclose the complete contract, or if, when read in the light of attendant facts and circumstances, it appears to contain only part of the agreement entered into by the parties, parol evidence is admissible to show what the rest of the agreement was; but such parol evidence must not be inconsistent with or repugnant to that part of the agreement integrated in the writing or memorandum, for, where a contract rests partly in parol, that part which is in writing is not to be contradicted. Ross v. Stricker, Okl., 275 P.2d 991; First National Bank in Tonkawa v. Beatty, 172 Okl. 47, 45 P.2d 158; Holmes v. Evans, 29 Okl. 373, 118 P. 144. Also, where from an examination of a written contract in its entirety, the intent of the parties thereto is obscure and uncertain, resort may be had to parol evidence to show the situation of the parties, circumstances surrounding the execution of the contract, and the negotiations preceding and leading up to the making of the agreement, in order to arrive at the contract's true intent and meaning. Owens v. Automotive Engineers Inc., 208 Okl. 251, 255 P.2d 240.

We are of the opinion and hold that plaintiffs' first two propositions of error are well taken and that the court erred in holding the written "side" agreement to be unambiguous and in sustaining defendant's objection to the introduction of certain testimony by plaintiffs.

As their third and last proposition of error, plaintiffs assert that they were entitled to credit at the rate of $100 per month upon the contract of sale from the 10th day of April, 1952, until judgment, which credit the court failed to allow, and that the court therefore erred in the amount of recovery assessed in favor of defendant and against plaintiffs. This proposition likewise appears to be well taken. As already pointed out, the written "side" agreement provides that defendant pay the sum of $100 per month for the use of the property involved during his occupancy thereof. Defendant's answer asserts and the evidence establishes that defendant has had possession of the property involved at all times since the execution of the two contracts hereinabove referred to. The court allowed plaintiffs credit on the contract of sale only for the amount of the rent actually collected by defendant during this time, which was a considerably smaller amount than the sum of $100 a month during the same period of time.

The judgment is therefore reversed and the cause remanded with instructions to grant plaintiffs a new trial and to proceed in accordance with the views hereinabove expressed.

CORN, V. C. J., and HALLEY, JOHNSON, BLACKBIRD and JACKSON, JJ., concur.