**QUINCY JOHNSTON, INC., a corporation, Plaintiff in Error,**

v.

**Ira WILSON, Defendant in Error.**

**No. 38224.**

Supreme Court of Oklahoma.

Feb. 10, 1959.

Rehearing Denied April 19, 1960.

Application for Leave to File Second Petition for Rehearing Denied and Dissenting Opinion Filed Jan. 10, 1961.

Walter H. Thomas, Woodward, for plaintiff in error.

Bryan Billings, Woodward, for defendant in error.

PER CURIAM.

The parties to this action appear here in the same order as in the trial court and we shall continue to refer to them by their trial court designation.

Plaintiff brought this action to recover on an open account. Defendant answered by admitting the correctness of the account pleaded by plaintiff but alleging a set-off more than sufficient to satisfy the debt. Defendant also cross-petitioned for damages arising out of the failure of plaintiff to fulfill a contractual obligation. From a judgment on a jury verdict in defendant's favor for damages, plaintiff appeals.

In his answer, after admitting the debt of $993.97 sued for by plaintiff, defendant alleged that in February, 1955, plaintiff orally agreed to sell him a new truck and give him a trade-in allowance of $2,500 for his used truck; that plaintiff failed to deliver to him the new truck; that thereafter the parties orally agreed on the purchase by defendant of a new automobile on which plaintiff agreed to allow a $1,500 trade-in plus $1,000 in trade at the business in satisfaction of the prior allowance for defendant's used truck; that this credit in trade at plaintiff's business fully satisfied the items of the open account subsequently ordered by defendant and for

which the action was brought. For his cross-petition, defendant realleged the agreement of plaintiff to sell him a truck and deliver it within 60 days, and the delivery to plaintiff by defendant of his used truck as part performance of his part of the bargain, and alleged further that his business was buying, selling, and hauling livestock in which business he used his truck and for which he had purchased the new truck; that plaintiff had failed to deliver the new truck; and, that defendant lost his profits of $300 per month which he could have earned from the operation of the truck during the time plaintiff failed to deliver him the new truck he had purchased. Plaintiff denied the oral contract alleged by defendant and pleaded a written truck purchase agreement which provided for "later delivery" of the new truck and a trade-in allowance of $2,000 with a provision for defendant to "change to a cheaper truck by our adjusting" the trade-in allowance. Plaintiff also pleaded the contract of purchase of the new automobile, a less expensive vehicle than the truck, as a compromise settlement and satisfaction of the former purchase agreement for the truck, and that the new agreement, evidenced by a written conditional sales agreement, allowed only $1,500 credit for defendant's used truck. The answer to the cross-petition realleged the matters of plaintiff's reply to defendant's answer in addition to a general and special denial of defendant's claim. Defendant's reply to these pleadings specifically denied that the written contract for the purchase of the truck contained the $2,000 trade-in allowance, the provision for "* * * later delivery and we will place order soon as notified * * *", and the provision for a change in the vehicle ordered with an adjustment of the trade-in allowance.

The evidence of each party was substantially as alleged in their pleadings. Defendant testified that he was in the business of buying, selling, and hauling livestock; that he had operated three trucks; that after surrendering possession of his used truck involved in this transaction he continued to operate two trucks; that he was to receive $2,500 as a trade-in allowance on the new truck; that he made net profits of $500 to $600 a month from operation of the used truck traded to plaintiff; and, that he signed the conditional sales contract for the purchase of the new automobile. His wife, who actually negotiated the new car transaction, testified that the agreement with plaintiff was that they were to receive $1,500 trade-in allowance on the new car and $1,000 credit in trade at plaintiff's business to satisfy the balance due them for the used truck traded to plaintiff in the truck agreement several months before. There was no evidence that defendant ever tried to purchase another truck when he learned plaintiff could not deliver the one ordered from him.

Plaintiff's president testified that he knew defendant's business; that defendant had told him he did not need the new truck immediately because of the slack in the cattle business which existed at that time; that when, several months later, defendant did desire delivery of the truck the manufacturer was tied up in a strike and plaintiff was unable to find the truck specified in defendant's order (this contingency was covered by the provisions of the truck order agreement); that he sold defendant and his wife a new car instead of the truck; and, that on this trade he agreed to only $1,500 as a trade-in allowance for the used truck and did not promise any additional credit for trade. After the court overruled plaintiff's demurrer and motion for an instructed verdict at the conclusion of the evidence, the case was submitted to the jury, under instructions to which plaintiff excepted, and the jury returned a verdict for defendant for $300 on which judgment was entered.

■ We find it necessary to discuss only two of the propositions of error urged. Plaintiff contends that the court erred in admitting parol evidence of an agreement to allow defendant a credit of $1,000 at plaintiff's business in addition to the $1,500 trade-in allowance contained in the written conditional sales agreement. That contract

contained among its provisions concerning the terms of sale, in addition to the "trade-in allowance", the following:

> 6. "No representations, promises or statements have been made by seller unless endorsed hereon in writing."

That provision is unequivocal. The parol evidence of an additional promise to give defendant a credit in trade at the business was inconsistent with it. There was no allegation or proof of fraud or mistake in the execution of the written contract. Parol evidence contradictory of the written agreement is not admissible, and its introduction in this case was contrary to our statute which establishes the commonly denominated "parol evidence rule." 15 O.S.1951 § 137; Moore v. Emerson, Okl., 325 P.2d 437; Butler v. Conyel, 177 Okl. 424, 60 P.2d 749.

■ Plaintiff also urged error by the court in failing to sustain its demurrer to the evidence and motion for directed verdict against the evidence offered in support of defendant's cross-petition. This contention likewise must be sustained. The cause of action in the cross-petition was for loss of anticipated profits. Our statute provides that damage for the failure of the seller to deliver personal property where the price has not been fully paid in advance "* * * is deemed to be the excess, if any, of the value of the property to the buyer, over the amount which would have been due to the seller under the contract if it had been fulfilled." 23 O.S.1951 § 29; Richardson v. Lawler, 204 Okl. 484, 231 P.2d 671. Defendant made no effort to plead or prove damage according to this section. Thus the only damage sought by defendant is special damage, and it must be pleaded and proved that damage of this nature was within the contemplation of the parties at the time they executed the agreement before such damage is a proper item to be recovered. Green v. Coleman-Nelson Corp., 115 Okl. 144, 242 P. 196. Defendant did neither. The utmost that can be derived from this evidence is that he was engaged in the business of hauling livestock; that he operated three trucks, and that plaintiff knew of this. In

an early case, Mr. Justice Holmes succinctly disposed of a similar situation for the Federal Supreme Court in Globe Refining Co. v. Landa Cotton Oil Co., 190 U.S. 540, 23 S.Ct. 754, 756, 47 L.Ed. 1171, in the following fashion:

> "It may be said with safety that mere notice to a seller of some interest or probable action of the buyer is not enough necessarily and as a matter of law to charge the seller with special damage on that account if he fails to deliver the goods."

And this Court too, in Alton R. Co. v. Oklahoma Furniture Mfg. Co., 190 Okl. 216, 122 P.2d 152, 154, 166 A.L.R. 1030, while acknowledging that notice of the nature of the shipper's business "* * * together with notice of other facts and circumstances attending the ordering of the shipment, may be sufficient * * *" to prove special damage, pointed out that such notice must have been of a nature "* * * that knowledge of special damages due to delay must necessarily have been apparent to any person of ordinary intelligence." Obviously one who purchases a truck not for resale and who operates a truck for hire or in a business, intends to make normal use of the vehicle purchased. Knowledge of this nature would ordinarily exist in nearly all sales of a truck. If such knowledge is sufficient, alone and unaided by other circumstances which bring home to the seller, or reasonably could be expected to do so, the likelihood of responsibility for loss, special damages would thereby exist in almost every case of default of delivery. This idea does not comport with common understanding and it is not the law. Liability for such loss arises only where the loss of anticipated profits upon a breach can reasonably be said to have been in the contemplation of both parties at the time of the contract. Choctaw, O. & G. R. Co. v. Jacobs, 15 Okl. 493, 82 P. 502; Missouri K. & T. Ry. Co. v. Foote, 46 Okl. 578, 149 P. 223; Eason Oil Co. v. Whiteside, 175 Okl. 254, 52 P.2d 35; Creach v. Home Owner's Loan Corp., 191 Okl. 484, 131 P.2d 108. See, too, 15 Am.Jur., Damages, Sec-

tion 151 et seq. In Robbins v. Trotter, 203 Okl. 68, 217 P.2d 1027, cited by defendant, the facts were deemed sufficient to submit the question to the jury under an instruction which required it to determine if the special damages sustained were within the contemplation of the parties. Such facts do not exist in this action.

In this action the defendant has admitted the correctness of the account. Inasmuch as the set-off and the counter-claim pleaded by him were not sustained by sufficient competent evidence, the judgment is reversed with directions to enter judgment for the plaintiff in the amount for which the action was brought.

Judgment reversed with directions.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commission, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

DAVISON, C. J., and HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

WILLIAMS, V. C. J., and WELCH and BLACKBIRD, JJ., dissent.

WILLIAMS, Vice Chief Justice (dissenting).

The president of plaintiff corporation repeatedly admitted that the agreement of the parties was of an oral nature. Plaintiff in its reply to defendant's amended answer stated:

"That afterward on or about the 28th day of October, 1955, the parties hereto orally agreed to compromise said written order and agreement * * *. That on the 28th day of October, 1955, in pursuance of said oral compromise agreement, the defendant paid the difference of Two Thousand Two Hundred Sixty-seven Dollars and Ten Cents (2267.10) and accepted and said Pon-

tiac automobile was then and there delivered to the defendant by the plaintiff in full settlement and satisfaction for said used truck."

The plaintiff in its answer to the defendant's cross petition includes the identical language above quoted.

Plaintiff's requested instruction No. 2 was:

"Gentlemen of the jury, you are instructed that a written contract may be altered by an executed oral agreement."

In its requested instruction No. 4 plaintiff again uses the language from its reply and answer hereinabove quoted.

Apparently, plaintiff's president was not sure as to the terms of the oral agreement. When asked if he finally got the truck (for the purpose of delivering same to defendant), he answered:

"Yes sir. All this controversy over a car or truck deal, we couldn't quite make up our minds and I placed an order for a truck, and did receive it, and had it in stock for quite some little time."

In Coston v. Adams, 203 Okl. 605, 224 P.2d 955, 961, we said:

" * * * it was not error to overrule plaintiffs' motion for a directed verdict in their favor, the new contract being oral; the facts were in dispute; the language used and the meaning to be given it, were questions of fact for the jury. The construction of words used is for the court, where an oral contract is distinct in its terms, but where an oral contract is to be gathered from talks between the parties, and especially from talks on more than one occasion, as in this case, the question as to what the contract was, if controverted, must usually be tried by the jury as a question of fact. Hammond Coal Co. v. Lewis, 248 Mass. 499, 143 N.E. 309, and cases therein cited."

I think that there was evidence from which the jury could properly find that the agreement of the parties was partly oral

and partly written, and that the provisions and meaning thereof were controverted and for the jury to interpret.

Plaintiff does not even claim that the conditional sales contract constituted a reduction of the oral agreement to writing. The conditional sales contract does not mention or refer to the order for the new truck. It does not identify the $1,500 trade-in allowance. Parol evidence was admissible to show why $1,500 was allowed for a trade-in and what, if anything, was allowed defendant for the International truck which was traded in on the new truck in the first deal.

In Pray v. Kidd Williams Drilling Corporation, Okl., 352 P.2d 380, 384, this court said:

> "In Yeager v. Jackson, 1933, 162 Okl. 207, 19 P.2d 970, defendant was allowed to introduce parol evidence that a written realty purchase contract was not to become effective unless the seller should give possession by a certain date. The written contract did not contain any provision for transfer of possession to the buyer. In Gamble v. Riley, 39 Okl. 363, 135 P. 390, we held that parol evidence was admissible to show that the written subscription agreement did not constitute the whole contract and was not to become binding until the happening of a certain contingency."

From an examination of the entire record, I am of the opinion that the cause was properly submitted to the jury for a determination from the evidence of the intent of the parties and as to what agreement they actually made.

In the case of Shell Petroleum Corporation v. Wood, 168 Okl. 274, 32 P.2d 882, and others therein cited, this court has held that the error of a faulty instruction could not be complained of unless it was claimed that the damages were excessive and a correct requested instruction submitted.

The plaintiff has not assigned as error that the damages were excessive. It did not submit a requested instruction on this point. I think plaintiff may not now be heard to complain of the instruction given as to the measure of damages or of the trial court's failure to give an instruction plaintiff now deems correct.

There inheres in the verdict and judgment of the trial court a finding that both of the parties fully understood that it was the purpose of defendant to use the new truck to haul cattle; that plaintiff as a reasonable person should have contemplated that if the new truck were not delivered, defendant might sustain some loss as a result of operating two trucks rather than three. I think there is sufficient evidence to reasonably sustain such findings.

Plaintiff did not contest defendant's testimony that he lost five to six hundred dollars each month he was without the International or a new truck.

In Consolidated Pipe Line Co. v. British American Oil Co., 163 Okl. 171, 21 P.2d 762, 769, we said:

> "The general rule is stated in 55 C.J. at page 1175, par. 1158, in the following language: 'In view of the general rule that the buyer is entitled to recover the actual loss he has sustained by reason of the breach of the contract, the buyer is entitled to recover any special damages he has suffered which are the proximate and natural result of the failure to deliver, and which may reasonably be considered as within the contemplation of the parties at the time of the contract, by reason of a knowledge of the special facts and circumstances from which such special damages would arise."

The issues were tried to the jury and resulted in a verdict and judgment in the favor of defendant in the sum of $300.00, which to my notion is sustained by the evidence.

For the reasons above stated, I respectfully dissent.