### MISSOURI PACIFIC RAILROAD COMPANY, Plaintiff in Error,

v.

### Charles RIDLEY and W. W. Lackey, Partners d/b/a R. & L. Cattle Co., and as Ridley and Lackey, Defendants in Error.

No. 39892.

Supreme Court of Oklahoma.
Dec. 18, 1962.
Rehearing Denied July 9, 1963.

Pat Mehaffy, Little Rock, Ark., Thomas Harper, Fort Smith, Ark., for plaintiff in error.

Ben L. Burdick, Robert W. Pittman, Crowe, Boxley, Dunlevy, Thweatt, Swinford & Johnson, Fred E. Suits, Suits & Weiss, Oklahoma City, for defendants in error.

JOHNSON, Justice.

This action was commenced in the District Court of Oklahoma County, Oklahoma, by the defendants in error, Charles Ridley and W. W. Lackey, co-partners, hereinafter referred to as plaintiffs. The plaintiffs in error, hereinafter referred to as defendants, were the Missouri Pacific Railroad Co., a corporation, and Illinois Central Railroad Company, a corporation. A motion to quash was sustained on behalf of Illinois Central; hence the only appellant is the Missouri Pacific.

The petition alleged the plaintiffs had purchased 222 head of cattle at Vicksburg, Mississippi and delivered same to Illinois Central for transportation to Hawarden, Iowa; that such cattle were loaded in seven cars and transported to Monroe, Louisiana where the cars were delivered to the Missouri Pacific. That the Missouri Pacific was to transport these cars to Omaha,

Nebraska, where they were to be delivered to the Chicago and Northwestern Ry. Co. for transportation to Hawarden. That six of such cars containing 193 head of cattle were delivered in Hawarden on time. That the seventh car, containing 29 head of cattle, was misdirected by the Missouri Pacific and sent to Madelia, Minnesota where the mistake was discovered, and the cattle shipped to Hawarden where they arrived three days after the six cars. In lieu of the misdirected car, a car of cattle from Clovis, New Mexico had been substituted for the car misdirected to Minnesota. This car arrived with the other six.

The petition alleged that these cattle had been sold to a buyer at Hawarden before shipment from Mississippi, and when the cattle arrived, due to the poor quality of the cattle in the seventh car, the shipment was refused and the sale lost. Thereby plaintiffs were damaged by the loss of such sale in the sum of $4,910.71.

The answer of defendant admitted partnership, corporate existences and shipment of cattle as alleged, but denied all else.

The following facts were stipulated at the pre-trial:

1. The shipment of cattle as alleged.

2. The misdirection of one car as alleged.

3. That the six cars of cattle arrived in Hawarden in as good condition as when shipped at Vicksburg.

It will be observed that there was no effort to collect for mistreatment of cattle, but the only relief sought was for loss of bargain, the profits on a sales contract lost by reason of the delay in the delivery of one car of cattle.

At the conclusion of the evidence the court sustained the motion of defendant for directed verdict. Upon motion for new trial by plaintiffs, the trial court granted a new trial, and from this order the defendant appeals.

■ In actions ex delicto for damages for injury to livestock by delay in transportation, the measure of damages is the differ-ence between the value of the animals at the time they should have been delivered in the condition they should have been and the condition they were in at time of delivery, plus expenses incurred in connection therewith. 9 L.R.A. 451; 53 L.R.A. 85.

■ Some damages are well within the contemplation of the parties at the time of shipment. But the present action is not ex delicto but ex contractu and involves the recovery of special damages as set out in the leading case of Hadley v. Baxendale, 9 Exch. 341, 5 Eng.Rul.Cas. 502, 156 Eng.Rep. 145.

The principles of the Hadley case have been accepted and incorporated in opinions throughout the United States. In line with the doctrines therein announced, it is now well established that where elements of damage are not within the contemplation of the parties at the time of the shipment contract there must be other facts proved to justify a recovery for delay in delivery. The principles governing the precise situation before us are embodied in Sec. 517 of 9 Am.Jur., Carriers, pages 737 and 738 as follows:

"As noted in prior section, where goods shipped have a market value, and there is nothing to indicate that they were ordered or shipped for any specific purpose, the damages are usually the difference between the market value of the goods at the time they ought to have been delivered and their market value when they are in fact delivered. When, however, the goods are ordered or shipped for a special purpose or for present use in a given way, and this fact is known to the carrier, it is responsible for the damages fairly attributable to the delay, and in reference to the purpose or the use indicated, which may reasonably be supposed to have been in the minds of the parties, and are not merely speculative or conjectural. Thus, where property is sold at an advantageous price before shipment on condition that it be delivered within a certain time, and the carrier,

with knowledge of that fact, undertakes the transportation, and through negligence fails to make the delivery in time, and the conditional purchaser declines to receive the property on account of the delay, the carrier may be held liable for the loss sustained by the shipper, which ordinarily is the difference between the market value of the property when it arrived at the place of destination and the price at which it was conditionally sold before shipment. *But the difference between the price for which the shipper had contracted to sell goods and their market value cannot be recovered unless the carrier was notified that they were shipped to complete sales already made*, or in reference to some special contract or situation. * * *" (Emphasis ours.)

In line with the above text, this court has in the case of Alton Railroad Co. v. Oklahoma Furniture Mfg. Co., 190 Okl. 216, 122 P.2d 152, 166 A.L.R. 1030, said in the first paragraph of the syllabus by the court:

"If an article is intended for use in business at destination, and the carrier unreasonably delays its transportation, the owner cannot recover special damages, such as loss of its use during the delay or the profits which he would thereby have made if it had been seasonably delivered, unless the owner alleges and proves that the carrier, at the time the contract for its transportation was made, was informed of the special use to which it was to be put. And proof that the carrier had knowledge of the general use to which the article was to be put will not ordinarily be sufficient to charge the carrier with liability for loss of its use or the profits which would thereby have been made. The special circumstances of the case requiring care or expedition must have been brought to the carrier's attention in such a way that its acceptance of the article, under the circumstances, could fairly be said to amount to an assumption of the risks which naturally and proximately would flow from its default."

As stated above, this is a cause of action ex contractu, and therefore the principles announced in the above syllabus are equally applicable here, although a shipment of cattle is involved.

We have diligently searched the record herein to ascertain whether any notice was ever communicated to the carrier relative to the previous sale of the cattle. There is no such evidence.

The opinion in the Oklahoma Furniture Mfg. Co. case, supra, cited the case of Missouri, K. & T. Ry. Co. v. Foote, 46 Okl. 578, 149 P. 223, wherein the fifth paragraph of the syllabus reads:

"In an action for damages occasioned by unnecessary and unreasonable delay in the shipment of freight, only such damages may be recovered as were contemplated, or might reasonably be supposed to have entered into the contemplation of the parties to the contract of carriage, and if the shipper expects to charge the carrier with any special damages, he must communicate to the carrier, at or prior to the time of shipment, all the facts and circumstances of the case which do not ordinarily attend the carriage of such freight, or the peculiar character and value of the property carried; otherwise, such peculiar circumstances cannot be contemplated by the carrier."

The special damages claimed in the instant action are in the same general category as those in such case, supra. The announced rule applies here. See also the case of Missouri, O. & G. Ry. Co. v. Hazlett & Price, 35 Okl. 12, 128 P. 105.

■ The recovery sought by plaintiff being limited to the loss of bargain and not including any damages to the cattle, we hold that the recovery sought consisted only of special damages; that such damages were not in contemplation of the parties at the time of the shipping contract; that such

damages could not be recovered without notice to the carrier at or previous to the contract of transportation; that no such notice having been given, the plaintiffs were not entitled to recover; that the directed verdict for the defendant was properly given; that the trial court erred in granting the motion for new trial.

Cause reversed with directions to vacate the order granting a new trial.

WILLIAMS, C. J., and HALLEY, JACKSON and BERRY, JJ., concur.

· BLACKBIRD, V. C. J., and WELCH, DAVISON and IRWIN, JJ., dissent.